BOYER, Chief Judge.
Appellants, who obtained a final judgment in the Circuit Court in and for Duval County, Florida, against appellees, and others, has taken this interlocutory appeal seeking our review of a temporary restraining order entered in the Circuit Court in and for Volusia County restraining the sale of certain property by the sheriff of that county pursuant to levy of execution issued in Duval County pursuant to the final judgment entered there. The appellees did not urge in the trial court, nor do they urge here, any irregularity, fraud, nor mistake. No effort was made by appellees to comply with F.S. 56.15. That statute provides that upon receipt by the officer having the execution of the affidavit and bond therein provided for “The officer shall stay proceedings on the execution and return the bond and affidavit to the court from which the execution issued. The court shall pass on the question of il *363 legality as soon as possible. . . .” It is readily apparent that the “court” mentioned in the statute refers to the court from whence the execution issued. We also construe the “court” mentioned in Rule l.SSO(b) RCP to refer to the court which entered the final judgment resulting in the issuance of the execution.
Accordingly, the order here appealed is hereby reversed, without prejudice to any remedies that may be available to appellees in the Circuit Court in and for Duval County, the court in which the final judgment was entered and from whence the execution was issued.
IT IS SO ORDERED.
RAWLS and SMITH, JJ., concur.