RAWLS, Acting Chief Judge.
The controversy between the primary parties, Commercial Bank of Okeechobee *711 (Bank) and Proctor, must ultimately be resolved in determining which circuit court has jurisdiction to determine the ownership of fifty head of cattle.
On January 21,1977, the Bank procured a judgment against one Richard C. Heyward in the sum of $7,784.64, which judgment was rendered by the Circuit Court of the Nineteenth Circuit in and for Okeechobee County. Pursuant to a writ of execution issued by the Clerk of the Circuit Court of Okeechobee County, fifty head of cattle were levied upon by the Sheriff of Marion County, Florida,[1] on February 16,1977. An order was entered by the Circuit Court of Okeechobee County [2] on February 17, 1977, reciting that an affidavit had been filed reflecting that the cattle levied upon were in extremely poor condition, therefore subject to decay, and pursuant to Section 56.21,[3] Florida Statutes, ordered the Sheriff of Marion County, after publishing a notice of sale two times, to sell the subject cattle at public auction on February 25, 1977.
The second chapter in this episode began on February 24, 1977, by Kenneth E. Proctor filing a complaint against the Sheriff of Marion County in the Fifth Judicial Circuit, wherein he alleged that the above mentioned writ of execution had been issued by the Clerk of the Circuit Court of the Nineteenth Judicial Circuit of Okeechobee County; the subject cattle are the sole property of Proctor; and that Proctor had no adequate remedy at law. Pursuant to the prayer in this complaint, Circuit Judge Swi-gert of the Marion County Circuit Court, without notice, entered his order enjoining the sale that was scheduled for the next day conditioned upon Proctor posting a bond in the sum of $8,000.00, which bond Proctor posted. The Marion County Sheriff’s return filed February 28, 1977, reflects: “Sheriff’s levy dissolved, as per order signed by Judge Swigert, dated February 28, 1977. Writ returned unsatisfied . ..” Pursuant to motion, the Bank was permitted to intervene in this proceeding, and upon denial of its motion to to dissolve the injunction, it filed a notice of interlocutory appeal in this court.
The subject matter of the third chapter in this episode is a suggestion for writ of prohibition filed by the Bank in this Court on June 10, 1977, against Judge Swigert, as the respondent. By its suggestion, the Bank, after basically alleging the facts recited above, concluded that Section 56.16,[4] Florida Statutes, provides a sole and exclusive remedy for third parties claiming ownership in property levied upon pursuant to that statute. This court issued its rule nisi, granted Proctor’s motion to intervene and denied Proctor’s motion to quash rule nisi. Timely returns having been filed by respondent and Proctor in the prohibition action, and the interlocutory appeal being at issue, the court consolidated the two cases and argument was heard at a special hearing.
The Prohibition Action
By its suggestion, the Bank contends that Judge Swigert was without jurisdiction to initially enter the temporary injunction and to retain jurisdiction to determine ownership of the cattle. Supportive of the Bank’s assertion of absence of jurisdiction in the Marion County Circuit Court is the recent opinion of our sister court in Budget *712 Landscape Nursery, Inc. v. McMillin Investors New York Corp.,[5] wherein that court, in considering an analogous factual situation, categorically stated: . . the Circuit Court of Indian River County was without jurisdiction [emphasis supplied] to restrain by injunction an execution sale of certain personal property levied upon pursuant to a writ of execution issued out of the Circuit Court of Brevard County ..” We are not in accord with this broad brush statement. In reaching its decision in McMillin, the court relied primarily upon Adams v. Burns,[6] wherein the Supreme Court of Florida found that although there is some contrary authority, the better rule seems to be that where the property of one who was not named in the writ has been levied upon under a writ valid on its face, such party cannot maintain an action of replevin or detinue to recover that property while it remains in custodia legis. Since those actions are founded upon common law principles, the rule set forth is sound. However, we are not willing to cast into concrete a rule of law that would, in all conceivable circumstances, divest a circuit court of its historical equitable jurisdiction in cases involving a levy upon property physically located within its jurisdiction. A fundamental basis of equity jurisdiction is to afford complete justice where the courts of law have no power to adapt their judgments to special circumstances.
In the instant case, the pleadings allege and it is not disputed that Judge Swigert is a Circuit Judge of Marion County; that the cattle were located in Marion County; and that the Sheriff of Marion County was in the process of selling said cattle at public auction in Marion County. Judge Swigert had jurisdiction of the cattle, he had jurisdiction of the sheriff, and as a circuit judge of this state, he was empowered to enter a temporary injunction.
The office of prohibition is not limited to the absence of jurisdiction; the writ may lie to restrain an excess of jurisdiction.[7] The common law writ of prohibition is not a writ of right, but it is an extraordinary judicial writ that in proper cases may be issued to restrain the unlawful exercise of judicial functions.[8]
So, we come to grips with the basic question: Did Judge Swigert, under the admitted facts of this case in entering the temporary injunction, act in excess of his jurisdiction? The answer is yes.[9] We are not here concerned solely with the ministerial act of the Clerk of the Okeechobee Circuit Court issuing a writ of execution. After the writ was issued, the Okeechobee Circuit Court continued its jurisdiction by entertaining proceedings involving the cattle located in Marion County and by specifically ordering the Marion County Sheriff to sell same on a date certain. The action of Judge Swigert, by entering the temporary injunction, in effect purported to set aside the order of a circuit court of equal authority. The Marion County Circuit Court does not have appellate jurisdiction of the Okeechobee Circuit Court. In entering the temporary injunction, the Marion Court acted in such excess of its jurisdiction as to warrant the entertainment of relator’s suggestion and granting an absolute writ of prohibition. The respondent is directed to vacate the order granting the temporary injunction on February 25,1977, and to desist from asserting any further jurisdiction as to the subject matter of these causes.
Interlocutory Appeal
Having reached the conclusion that prohibition is the proper remedy, the matters *713 raised by interlocutory appeal are moot. The decision of this court is without prejudice to appellee, Kenneth E. Proctor, to assert any remedies that may be available to him in the Circuit Court of Okeechobee County.
The interlocutory appeal is dismissed.
SMITH and ERVIN, JJ., concur.

. Situated in the Fifth Judicial Circuit.

. Situated in the Nineteenth Judicial Circuit.

. Sec. 56.21, Fla.Stat, provides, in part: “. . the time of such notice [30 days] may be shortened in the discretion of the court from which the execution issued . . ..”

. Sec. 56.16, Fla.Stat., provides, in pertinent part:
", . . If any person other than the defendant in execution claims any property levied on, he may obtain possession of the property by filing with the officer having the execution an affidavit by himself, his agent or attorney, that the property claimed by him belongs to him and by furnishing the officer a bond with surety to be approved by the officer in favor of plaintiff in double the value of the goods claimed as the value is fixed by the officer and conditioned to deliver said property on demand of said officer if it is adjudged to be the property of the defendant in execution and to pay plaintiff all damages found against him if it appears that the claim was interposed for the purpose of delay.”

. Budget Landscape Nursery, Inc. v. McMillin Investors New York Corp., 343 So.2d 640 (Fla. 4th DCA 1977).

. Adams v. Bums, 126 Fla. 685, 172 So. 75 (1936).

. 1 Crandall, Florida Common Law Practice, Prohibition § 473 (1928).

. State v. Hutchins, 101 Fla. 773, 135 So. 298 (1931).

. Time Financial Services v. Hilliard Mobile Homes, Inc., 329 So.2d 362 (Fla. 1st DCA 1976).