MILLS, Judge.
Alice J. Benner appeals from the trial court’s order denying her petitions for payment of alimony and to approve certain of her acts as guardian from 1 July 1979 through 1 October 1981. We agree with her contentions and reverse.
Alice was married to Hulbert H. Benner on 27 February 1971. In 1977, she petitioned the trial court to appoint her as Hulbert’s guardian under the Uniform Veterans’ Guardianship Law, Section 293.05, Florida Statutes (1977). For some unexplained reason, the trial court appointed her guardian of the person and property of Hulbert, apparently pursuant to Chapter 744, Florida Statutes (1977).
On 8 October 1979, Huelet L. Benner, Hulbert’s brother, moved to intervene on the grounds that Alice was not caring for Hulbert properly. That motion was granted. The trial court subsequently entered an order on 12 June 1980 vacating its prior appointment of Alice as guardian under Chapter 744 and reappointing her as guardian “for the sole purpose of receiving and disbursing funds in accordance with Florida Statutes, Chapter 293 and 294 .... ” At the same time, the trial court approved all of her acts as guardian up through 30 June 1979.
Thereafter, on 12 October 1981, Alice obtained a divorce from Hulbert from another circuit court judge in Alachua County. In the final order of dissolution, Alice was awarded $2,500 as lump sum alimony and $288 per month as permanent alimony. Huelet subsequently petitioned the guardianship court to have himself appointed guardian of Hulbert in lieu of Alice. At about the same time, Alice filed her “petition to approve, ratify and confirm guardian’s use of a portion of the ward’s property during the period from 1 July 1979 through 1 October 1981.” In that petition, Alice alleged that she was totally disabled and unable to support herself and that she had used Hulbert’s social security payments for her own benefit during the period from 1 July 1979 through 1 October 1981.
She also filed a petition for payment of alimony, asking the guardianship court to honor the final judgment rendered by the divorce court by disbursing to her the funds due as alimony. This appeal followed the denial of both of her petitions and the granting of Huelet’s motion to have himself appointed guardian.
We hold that the trial court erred in refusing to honor the divorce decree. That decree recited that testimony and argument of counsel was heard from both sides. Presumably, the divorce court assessed Hul-bert’s financial condition before making the award of alimony. Absent a showing that the divorce decree was invalid, the trial *1088 court here was without authority to refuse to enforce it. Such a refusal in effect sets aside the order of a circuit court of equal authority. This cannot be done. Commercial Bank of Okeechobee v. Proctor, 349 So.2d 710 (Fla. 1st DCA 1977).
The trial court further erred in refusing to approve or ratify Alice’s use of Hulbert’s social security benefits because her duties as guardian did not extend to those funds. A guardian appointed under Chapter 293, Florida Statutes (1981), is responsible only for “moneys received ... from the Veterans Administration and all earnings, interest, and profits derived therefrom.” Section 293.02(3), Florida Statutes (1981). Moreover, Alice allegedly needed these funds to provide for her own support, and Hulbert still had the obligation to support her. Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973).
Reversed and remanded for proceedings consistent with this opinion.
ERVIN, J., and AGNER, Royce (Associate Judge), concur.