451 So.2d 491 (1984)
Glenda YESTE, Individually, and As Personal Representative of the Estate of Dixon Yeste, M.D., and John Darren Yeste and Michael Scott Yeste, by and through Their Natural Guardian, Mother and Next Friend, Glenda Yeste, Appellants,
v.
The MIAMI HERALD PUBLISHING COMPANY, A DIVISION OF KNIGHTRIDDER NEWSPAPERS, INC., a Florida Corporation, and Steven Sternberg, Appellees.
No. 83-2006
District Court of Appeal of Florida, Third District.
April 10, 1984.
Rehearing Denied June 19, 1984.
*492 Robert J. Dickman, Fort Lauderdale, for appellants.
Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Richard J. Ovelmen, Miami, for appellees.
Before BARKDULL, HUBBART and NESBITT, JJ.
HUBBART, Judge.
The central question presented for review by this appeal is whether that portion of a death certificate which contains the medical certification of the cause of death is open for public inspection as a public record  or is exempt from such inspection  under the Florida Public Records Act [ch. 119, Fla. Stat.(1983)]. We hold that the above-stated portion of a death certificate is made confidential by Section 382.35(4), Florida Statutes (1983), and is therefore exempt under Section 119.07(3)(a), Florida Statutes (1983), from the public inspection and certified copying provisions of Section 119.07(1)(a), Florida Statutes (1983). We accordingly reverse the final order under review and remand the cause to the trial court with directions to deny the petition for a writ of mandamus filed herein.
On July 12, 1983, Dr. Dixon Yeste died leaving a surviving wife and two minor sons. On July 13, 1983, Dr. Barry Barker, the attending physician to Dr. Yeste during his last illness, filed a medical certification of the cause of death with the Florida Department of Health and Rehabilitative Services, Bureau of Vital Statistics [HRS]. This certificate, in turn, was incorporated into Dr. Yeste's official death certificate issued by HRS. On July 21, 1983, Steven Sternberg, a reporter for The Miami Herald, applied to the local office of HRS to *493 inspect Dr. Yeste's death certificate. The request was granted except as to the medical certification of the cause of death. Thereafter, the petitioners, The Miami Herald Publishing Company and Steven Sternberg, applied to the trial court for a writ of mandamus requiring HRS and sundry other public entities and officials[1] to authorize the inspection of the medical certification portion of Dr. Yeste's death certificate. At that point, Dr. Yeste's widow, Glenda Yeste, individually and as personal representative of the estate of Dr. Yeste, and his two minor sons, John Darren Yeste and Michael Scott Yeste, were permitted to intervene in the action and oppose the issuance of the writ of mandamus. After receiving full responses from all parties, and on an undisputed set of facts as stated above, the trial court issued a peremptory writ of mandamus directing HRS and other sundry officials to permit the petitioners to inspect the medical certification portion of Dr. Yeste's death certificate. The intervenors appeal.
Without dispute, a death certificate is a public record under Section 119.011(1), Florida Statutes (1983). Ordinarily, then, such a certificate would be subject to the public inspection and copying provisions of Section 119.07(1)(a), (b), Florida Statutes (1983). There is one exception, however, to these public inspection and copying provisions which is set forth in Section 119.07(3)(a), Florida Statutes (1983), as follows:

"All public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the provisions of subsection (1)." (emphasis added)
Section 382.35(4), Florida Statutes (1983), in turn, provides as follows:
"The State Registrar shall furnish a certified copy of all or part of any marriage, dissolution of marriage, or death certificate, excluding that portion which contains the medical certification of cause of death, recorded under the provisions of this chapter to any person requesting it upon payment of the fee prescribed by this section. A certified copy of the medical certification of cause of death shall be furnished only to persons having a direct and tangible interest in the cause of death, as provided by rules and regulations of the Department of Health and Rehabilitative Services." (emphasis added)
Under the above statute, the issuance of certified copies of a death certificate is permitted with one important exception. That portion of a death certificate which contains the medical certification of the cause of death must be deleted from any certified copy of a death certificate, unless the person applying for same has "a direct and tangible interest in the cause of death." We conclude that this required deletion from certified copies of death certificates makes the deleted portion "confidential" within the meaning of Section 119.07(3)(a), Florida Statutes (1983), so as to exempt it from the public inspection and copying provisions of Section 119.07(1)(a), (b), Florida Statutes (1983).
We reach this conclusion because we think the legislative purpose behind the statute [§ 382.35(4), Fla. Stat.(1983)] would be thwarted and an absurd or unreasonable result reached if we construed the statute any other way. We are, of course, constrained by law to give full effect to the legislative purpose behind a statute and to avoid constructions which lead to absurd or unreasonable results. Foley v. State, 50 So.2d 179, 184 (Fla. 1951). The legislature, as stated above, has mandated that a certain portion of a death certificate [i.e., the medical certification of the cause of death] should be deleted from any certified copy of a death certificate which, by law, is made available to the general public. Only those persons who have "a direct or tangible interest in the cause of death" are *494 authorized by the statute to receive a certified copy of the entire death certificate, including the medical certification of the cause of death. This legislative mandate, we think, is totally undone if any member of the general public may physically inspect and presumably hand copy the above deleted information. There is surely no point in deleting information from a certified copy of a death certificate if one may inspect and hand copy the deleted information in any event. Plainly, the legislature's purpose here was to make the deleted information confidential, except as to those persons having a direct and tangible interest in the cause of death.
The underlying justification for making such cause of death information confidential seems obvious enough. The cause of death as stated in a death certificate represents sensitive and generally private information. If made public, this information could cause public embarrassment to the deceased's family, as, for example, where the deceased has died from an illegal drug overdose, by suicide, or from a socially distasteful disease such as venereal disease. Absent some direct or tangible interest in the deceased's cause of death, it was thought best to keep this portion of the death certificate confidential and deleted so as to spare the feelings of the deceased's family. Obviously, that purpose is totally defeated if any member of the general public may, as urged, inspect and hand copy the confidential portions of the death certificate.
In this connection, we reject The Miami Herald's contrary suggestion that an administrative cost-efficiency purpose lies behind the legislative decision to delete the cause of death information from certified copies of death certificates because otherwise "the administrative burden of providing a multitude of certified copies of cause of death papers could prove overwhelming." [appellee's brief at 17] The short answer to this argument is that the statute does not prohibit the issuance of certified copies of death certificates; indeed, the statute expressly provides for the issuance of same with one above-stated deletion. Administratively accomplishing this deletion from certified copies already made available to the public obviously does not save time or money. On the contrary, it creates an increased administrative burden for governmental officials. The legislative purpose, then, in requiring this deletion could not have been to save time or money. Plainly, its purpose was to make the deleted portion of the death certificate confidential.
In reaching this result, we do not overlook two contrary considerations. First, we agree with the trial court that Section 382.35(4), Florida Statutes (1983), does not expressly preclude public inspection of the aforesaid portion of a death certificate. This conclusion, however, does not mean that said public inspection is permitted, because Section 119.07(3)(a), Florida Statutes (1983) provides that "[a]ll public records which are presently provided by law to be confidential" are exempt from public inspection and copying. Section 382.35(4), Florida Statutes (1983), for the reasons stated above, makes the aforesaid portion of a death certificate "confidential," and, therefore, not subject to the public inspection or copying provisions of Section 119.07(1)(a), (b), Florida Statutes (1983). Second, we agree that Section 382.35(4), Florida Statutes (1983), does not expressly make the aforesaid portion of a death certificate "confidential," as does Section 382.35(1), Florida Statutes (1983), with respect to birth certificates. See 1982, Op.Att'y Gen.Fla. 82-16 (March 16, 1982). This conclusion, however, does not mean that said portion of a death certificate is not confidential; the legislature, by requiring the aforesaid deletion from certified copies of death certificates, has made the deleted portion confidential by implication. Any other reading of the statute leads, as indicated above, to absurd or unreasonable results. Moreover, we are constrained by law to avoid a literalistic reading of a statute where, as here, such a reading would defeat the entire legislative *495 purpose behind the statute. Garner v. Ward, 251 So.2d 252, 255-56 (Fla. 1971).
Turning to the instant case, it is plain that the petitioners herein were not entitled to inspect the cause of death portion of Dr. Yeste's death certificate herein. Without dispute, the petitioners have no direct or tangible interest in Dr. Yeste's cause of death. It therefore follows that they are not entitled to receive a certified copy or to inspect same under the above statute. This being so, the trial court was in error in issuing the peremptory writ of mandamus in this cause.
Finally, we reject The Miami Herald's argument that, apart from any statute, it has a free press right of access to the medical certification portion of Dr. Yeste's death certificate. We are cited to no constitutional authority in Florida or elsewhere which has ever held that a newspaper has a free press right of access to public records such as that presented in the instant case. We decline to be the first court to so hold.
The peremptory writ of mandamus under review is reversed and the cause is remanded to the trial court with directions to dismiss the petition for writ of mandamus filed herein.
NOTES
[1] Metropolitan Dade County, Department of Public Health; Richard A. Morgan and Beatrice Marchette, HRS officials.