548 So.2d 803 (1989)
Norman E. LEONARD, Appellant,
v.
Donald O. MORGAN, Executive Director, Suwannee River Water Management District, and William R. Cave, Hearing Officer, Division of Administrative Hearings, Appellees.
No. 88-1839.
District Court of Appeal of Florida, First District.
September 6, 1989.
Rehearing Denied October 31, 1989.
Cary A. Hardee, Madison, for appellant.
Janice F. Baker of Brannon, Brown, Haley, Robinson & Cole, P.A., Lake City, for appellee Donald O. Morgan.
PER CURIAM.
This cause is before us on appeal from an order dismissing a petition for writ of prohibition on the ground that the circuit court lacks jurisdiction. Appellant contends that the circuit court has jurisdiction to issue a writ of prohibition to require the Suwannee River Water Management District (the District) to take no action with respect to petitioner's property based on the circuit court's exclusive original jurisdiction over tax assessments and the classification of land as agricultural for tax purposes pursuant to Article V, Section 20(c)(3), Florida Constitution. Appellant's reasoning is that because his land is classified as agricultural for tax purposes pursuant to Section 193.61, Florida Statutes, it falls within the agricultural exemptions to surface water management permitting in *804 Chapters 373 and 403, Florida Statutes. He further contends that the District, by refusing to allow him an agricultural exemption pursuant to Chapters 373 and 403, with regard to water management, is attempting to usurp the circuit court's exclusive jurisdiction over the classification of land as agricultural for tax purposes.
We affirm the trial court's order dismissing the writ, which order is, in pertinent part, as follows:
(1) The issue of whether classification by the property appraiser is binding on water management districts under Chapter 373, F.S. is not within the jurisdiction of the circuit court, pursuant to 373.617(2).
(2) The issue of whether the Suwannee River Water Management District order was an unconstitutional taking or unreasonable exercise of police powers was not raised, therefore, this action was not subject to circuit court action.
(3) An appeal of water management district action would be by the District Court of Appeal.
Accordingly, the judgment below is affirmed.
ERVIN, BOOTH and WENTWORTH, JJ., concur.