582 So.2d 1237 (1991)
FLORIDA DEPARTMENT OF COMMUNITY AFFAIRS, Petitioner,
v.
ESCAMBIA COUNTY and Honorable John P. Kuder, Respondents.
No. 91-1456.
District Court of Appeal of Florida, First District.
July 17, 1991.
*1238 G. Steven Pfeiffer, General Counsel, Dept. of Community Affairs, Tallahassee, for petitioner.
Jean L. Burgess, Assistant County Attorney, Pensacola, for respondents.
PER CURIAM.
Petitioner filed a petition for writ of prohibition with this court seeking to prevent the Circuit Court from entertaining petitions for writs of certiorari and prohibition to review orders issued by a hearing officer of the Division of Administrative Hearings (DOAH). Finding that the circuit court was without jurisdiction, we previously granted relief by unpublished order. We now explicate our reasons for issuing the writ of prohibition.
Petitioner, the Department of Community Affairs (Department), issued a notice of intent to find the Escambia County Comprehensive Plan not in compliance with section 163.3184, Florida Statutes (Supp. 1990). A formal administrative hearing pursuant to section 120.57(1) was to be conducted by DOAH beginning on May 13, 1991. Shortly before the scheduled hearing date, Escambia County (County) filed a motion to compel discovery and to continue the hearing. The DOAH hearing officer denied both motions and the County sought review in Circuit Court by writ of prohibition and writ of certiorari. The Circuit Court entered orders to show cause on both petitions and also granted a stay.
The Department then filed a petition for writ of prohibition in this court arguing that DOAH is not an inferior tribunal to the Circuit Court and therefore, the Circuit Court did not have jurisdiction to grant the relief requested by the County. The Department argued that because the Circuit Court did not have jurisdiction to review orders issued by DOAH, the Circuit Court did not have jurisdiction to issue a writ of certiorari or prohibition to DOAH. We agreed, granted the writ of prohibition by unpublished order and now explain our reasoning.
The power to issue the writ of prohibition is predicated on appellate review and supervisory power. See, Leonard v. Morgan, 548 So.2d 803 (Fla. 1st DCA 1989), State ex rel. Sentinel Star Company v. Lambeth, 192 So.2d 518 (Fla. 4th DCA 1966) and State ex rel. Gerstein v. Schulz, 180 So.2d 367 (Fla. 3d DCA 1965). Section 120.52(1)(b) defines "agency" as each state officer and each state department, commission and authority, including those described in chapter 163. Here, the Department and the County are proceeding under chapter 163. Section 163.3184 governs the process for adoption of comprehensive plans. Sections 163.3184(9)(b) and (10)(a) state that a proceeding under section 120.57 shall be conducted in the affected local *1239 jurisdiction. A recommended order is then issued by the DOAH hearing officer to the Administrative Commission. Chapter 28-39 F.A.C. provides the rules of procedure for review of local comprehensive plans. The rules apply to proceedings before the Administrative Commission following either a recommended order or the non-submission of a local comprehensive plan. Rule 28-39.005(4) states that "[f]inal orders of the Commission shall be subject to judicial review pursuant to Chapter 120, Florida Statutes." This rule references as specific authority sections 14.202 and 120.53. The rule also states that the law being implemented is section 163.3184(11), which governs the final order issued by the Administrative Commission pursuant to section 163.3184(9) or (10). Section 120.68 grants the right of judicial review to a party who is adversely affected by final agency action. Section 120.68(2) provides that "[e]xcept for matters for which judicial review by the Supreme Court is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides."
Because ultimate review of the final order of the Administrative Commission is in this court, an extraordinary petition to review a nonfinal order or to challenge the jurisdiction of the agency or DOAH is properly filed in this court, not the Circuit Court. We make no determination regarding the merits of the petitions filed in the Circuit Court, we find only that jurisdiction is properly in this court. Accordingly, the petition for writ of prohibition is granted.
WRIT ISSUED.
JOANOS, C.J., and WIGGINTON and NIMMONS, JJ., concur.