KAHN, Judge.
Orlando Tower Service, Inc. obtained a writ of replevin from the Circuit Court of Orange County directing the various sheriffs of this state to replevy a 460 foot antenna tower, and associated hardware, located in Live Oak, Suwannee County, Florida. Ap-pellee, Russell Koon, holds a mortgage to the Suwannee County real estate upon which the tower purportedly stands. Several months before Orlando Tower Service obtained its writ of replevin, Koon sought to foreclose his *191 mortgage on the property. During the pen-dency of the foreclosure action, Koon learned about the Orange County writ of replevin and immediately filed, in the foreclosure action, a motion for emergency injunctive relief, seeking a restraining order from the Suwannee County Circuit Court which would enjoin the Sheriff of Suwannee County or anyone acting by, through or for him, from removing, attempting to remove, or attempting to dismantle, the tower located on the real estate which is the subject of the foreclosure action. On the same 'day Koon filed the motion, the circuit court, ex parte, granted the temporary restraining order. The court then denied Orlando Tower Service’s motion to dissolve the temporary restraining order. Orlando Tower Service appeals the denial of this motion. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(B). We reverse.
The face of the restraining order recites as its sole justification the trial court’s conclusion that “the Orange County Circuit Court is without jurisdiction to enter orders for replevin of personal property located in counties other than Orange County unless the property is located in that county at the date of the issuance of the writ.” Orlando Tower Service correctly points out that the underlying legal conclusion asserted by the trial court is incorrect, and moreover, the trial court did not possess authority to, in effect, set aside the order of another circuit court.
On its first point, Orlando Tower Service relies upon section 78.032, Florida Statutes (1993), providing “an action for replevin may be brought in any county where the property sought to be replevied is located, where the contract was signed, where the defendant resides, or where the cause of action accrued.” The action underlying Orlando Tower Service’s right to replevin arose from breach of the contract requiring payment to Orlando Tower Service for the tower. Orlando Tower Service asserts that payment was due in Orange County, and appel-lee does not challenge this assertion. Since a cause of action accrues for breach of contract in the county where payment was due under the contract, we are unable to agree the replevin action could not have been properly brought in Orange County. See Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069 (Fla. 1st DCA 1988).
Perhaps more compelling for reversal, however, is the practical effect of the order now under review. By granting the temporary restraining order and then refusing, upon motion, to dissolve it, the Circuit Court for Suwannee County effectively sat as the court of appeal to review an order entered by the Circuit Court for Orange County. It is improper for one circuit court to enjoin the decision of another circuit court. Commercial Bank of Okeechobee v. Proctor, 349 So.2d 710 (Fla. 1st DCA 1977). We are aware that Mr. Koon, who now claims an interest in the tower by virtue of his mortgage on real estate, was not a party to the replevin action. This does not change the result. The proper forum for the assertion of Mr. Koon’s position would have been the Circuit Court of Orange County, upon a petition to intervene and dissolve the writ of replevin. In the alternative, Mr. Koon could have petitioned the Fifth District Court of Appeal, which is the court with appellate jurisdiction over Orange County, to issue a writ of prohibition.
The thrust of appellee’s argument on this appeal is that the tower in question is a fixture to realty and is thus included in the interest secured by appellee’s mortgage. This is, however, a substantive question that was not litigated before the trial court prior to entry of the restraining order. If, as appellee argues, Orange County’s writ of re-plevin erroneously purports to reach real property, this concern must be raised with the court that issued the writ, or with the court that has authority to issue extraordinary writs directed toward the Orange County Circuit Court.
REVERSED with directions that the temporary restraining order entered December 6, 1993 be dissolved.
ERVIN and WOLF, JJ., concur.