864 So.2d 455 (2003)
Milo THOMAS, Appellant,
v.
SOUTHWEST FLORIDA WATER MANAGEMENT DISTRICT, Appellee.
No. 5D02-3319.
District Court of Appeal of Florida, Fifth District.
December 19, 2003.
Rehearing Denied January 30, 2004.
Jacob D. Varn of Fowler White Boggs Banker, P.A., Tallahassee, for Appellant.
William S. Bilenky, General Counsel and Margaret L. Lytle, Assistant General Counsel of the Southwest Florida Water Management District, Brooksville, for Appellee.
Peter M. Dunbar and Cynthia S. Tunnicliff of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, and Donald D. Conn, Clearwater, Amicus Curiae for Tampa Bay Water.
PALMER, J.
Milo Thomas appeals the final order entered by the Southwest Florida Water Management District (SFWMD) denying his application for a water use permit. Finding no error, we affirm.
In 1985, Thomas acquired a water use permit from SFWMD authorizing him to use 345,000 gallons of water per day. The water was used to irrigate Thomas' property. In 1997, Thomas acquired an additional 234 acres of pasture land. He thereafter filed a request with SFWMD for a modification of his water use permit, seeking permission to increase his water usage to 970,000 gallons per day. SFWMD denied Thomas's request.
Upon receiving notice of the denial, Thomas petitioned SFWMD for an informal hearing. The petition was granted. Both parties agreed to the fact that Thomas' modification request was denied based on SFWMD's concern regarding the availability of water to meet the needs of water users outside of Pasco County. The parties' pre-hearing stipulation provided:
Although the District (SFWMD) did not specifically review Thomas's permit application without consideration of the impacts associated with the permitted regional *456 wellfield withdrawals within the Northern Tampa Bay Water Resource Assessment Project area, it is the opinion of District staff that absent such impacts the Petitioner's application for additional water withdrawals would have provided reasonable assurances that the increased withdrawals met all the criteria for issuance of a water use permit.
At the conclusion of the hearing, the hearing officer issued a recommended order suggesting that Thomas' application for a modification of his water use permit be denied. The hearing officer's recommended order was adopted in toto as the final order of SFWMD. This appeal followed.
Thomas argues that his application for an increase in his water use should have been granted because, as a property owner in Pasco County, he possessed a superior right to the water drawn from that county and therefore SFWMD's concern for the availability of water for use outside of Pasco County was an inappropriate basis upon which to deny his application. To support this claim, Thomas cites to section 373.1961(1)(e) of the Florida Statutes (1999) which provides as follows:
373.1961. Water production
(1) In the performance of, and in conjunction with, its other powers and duties, the governing board of a water management district existing pursuant to this chapter:
* * *
(e) Shall not deprive, directly or indirectly, any county wherein water is withdrawn of the prior right to the reasonable and beneficial use of water which is required to supply adequately the reasonable and beneficial needs of the county or any of the inhabitants or property owners therein.
§ 373.1961(1)(e), Fla. Stat. (1999). Additionally, Thomas cites to the evidence which he introduced below which included the transcript of a legislative debate from 1974, and the affidavits of four individuals who were involved with water management issues during the formation of the SFWMD in the 1970s. This evidence supported Thomas' position that it was the Legislature's intent at the time the Florida Water Act was passed in 1974 to preserve the water rights of the residents of Pasco County. We conclude that SFWMD properly rejected this claim because Thomas' argument fails to recognize the controlling authority of the Legislature's subsequent enactment of Part II of Chapter 373, in particular section 373.217.
Section 373.217 of the Florida Statutes (1999) sets forth the supremacy and exclusivity of SFWMD's permitting authority. That section expressly preempts other statutes, including those in Part I of Chapter 373, that attempt to limit or qualify the SFWMD's permitting authority:
373.217. Superseded laws and regulations
(1) It is the intent of the Legislature to provide a means whereby reasonable programs for the issuance of permits authorizing the consumptive use of particular quantities of water may be authorized by the Department of Environmental Protection, subject to judicial review and also subject to review by the Governor and Cabinet, sitting as the Land and Water Adjudicatory Commission as provided in s. 373.114.
(2) It is the further intent of the Legislature that Part II of the Florida Water Resources Act of 1972, as amended, as set forth in ss. 373.203-373.249, shall provide the exclusive authority for requiring permits for the consumptive use of water and for authorizing transportation thereof pursuant to s. 373.223(2).

*457 (3) If any provision of Part II of the Florida Water Resources Act of 1972, as amended, as set forth in ss. 373.203 373.249, is in conflict with any other provision, limitation, or restriction which is now in effect under any law or ordinance of this state or any political subdivision or municipality, or any rule or regulation promulgated thereunder, Part II shall govern and control, and such other law or ordinance or rule or regulation promulgated thereunder shall be deemed superseded for the purpose of regulating the consumptive use of water. However, this section shall not be construed to supersede the provisions of the Florida Electrical Power Plant Siting Act.
(4) Other than as provided in subsection (3) of this section, Part II of the Florida Water Resources Act of 1972, as amended, preempts the regulation of the consumptive use of water as defined in this act.
§ 373.217, Fla. Stat. (1999)(emphasis added). Notably, no exception was created in Part II for section 373.1961. As the hearing officer stated in its final order:
If Thomas' interpretation were adopted, there would be no certainty with respect to the users of the water provided by the regional supply authority. Those users, under Thomas' interpretation, would lose the right to have some or all [of the] water a Pasco resident desired at any time, for any purpose. This interpretation would render meaningless the statutory scheme requiring water use permitting and so to the protections afforded thereunder.
A court must avoid statutory constructions which lead to absurd or unreasonable results. Yeste v. Miami Herald Pub. Co., a div. of Knight Ridder Newspapers, Inc., 451 So.2d 491 (Fla. 3d DCA 1984). In ascertaining legislative intent, a court must consider the plain language of the statute, give effect to all statutory provisions, and construe related provisions in harmony with one another. Hechtman v. Nations Title Ins. of New York, 840 So.2d 993 (Fla.2003). When two statutes are in conflict, the more recently enacted statute controls the older statute; more recently enacted provision may be viewed as the clearest and most recent expression of legislative intent. Palm Beach County Canvassing Bd. v. Harris, 772 So.2d 1273 (Fla. 2000). Applying these principles to the instant facts we conclude that SFWMD properly found the provisions of section 373.217 to be controlling.
AFFIRMED.
TORPY, J., concurs.
PETERSON, J., concurs specially, with opinion.
PETERSON, J., concurring specially.
I write only to note that the record reflects the Southwest Florida Water Management District board members' concern about Milo Thomas' need for water. The majority opinion, with which I concur, reflects the present statutory scheme that left no alternative to the board but to deny Mr. Thomas' request.
The reason for the denial was simple there were no more water resources available for allocation to Mr. Thomas. Apparently, water allocations are made on a first come-first served basis and when the available allocations have been exhausted, no more water resources are available. The concerns that the 1974 legislature had when it enacted section 373.1961, Florida Statutes (1999), have been realized by Mr. Thomas. That is, the small water-rich agricultural counties will be denied water resources in order to supply the largerpopulated water-poor counties with an inexpensive water supply. The board members *458 recognized that some remedies are available, such as returning recycled water for agricultural purposes and seem eager to pursue that action; but that action requires the cooperation and capital outlay of those who already enjoy an allocation and that may be difficult or impossible to obtain.