PER CURIAM.
Petitioner filed a petition for writ of prohibition with this court seeking to restrain the circuit court from exercising jurisdiction and considering a petition for writ of prohibition filed by respondent to prohibit petitioner from continuing disciplinary proceedings against him. We grant the petition and find that jurisdiction is properly in this court.
The circuit court does not have jurisdiction to issue an extraordinary writ if it does not have direct appellate jurisdiction over the subject matter. See Florida Dep’t of Community Affairs v. Escambia County, 582 So.2d 1237 (Fla. 1st DCA 1991); State ex rel. Bettendorf v. Martin County Env. Control, 564 So.2d 1227 (Fla. 4th DCA 1990). An extraordinary writ challenging matters in an administrative action is properly filed in this court, not the circuit court. Escambia County, 582 So.2d at 1239; see also § 120.68(2)(a), Fla. Stat. (2001); Philip J. Padovano, Florida Appellate Practice § 28.3 (2004 ed.)(“A circuit judge cannot properly issue a writ of prohibition directed to a tribunal that is subject to the administrative procedures act because the district court of appeal would have exclusive jurisdiction over the substantive issues on appeal from the order in such a case.”).
In the instant case, respondent filed a petition for writ of prohibition in the circuit court, seeking a determination under section 456.073(2), Florida Statutes, that the Department’s failure to adhere to the time limitations materially impaired the fairness and correctness of the administrative proceedings. As this court held in Escambia County, this court has appellate review over the instant subject matter. Therefore, the circuit court lacks jurisdiction to grant respondent’s petition. Accordingly, the petition for writ of prohibition is granted.
PETITION GRANTED.
BARFIELD, VAN NORTWICK and PADOVANO, JJ., concur.