940 So.2d 1166 (2006)
Edward J. WOVAS and Tom Mitchell and Elaine MITCHELL, Husband and Wife, Petitioners,
v.
TOUSA HOMES, INC., and Royal-Tee Homeowners Association, Inc., Respondents.
No. 2D06-2407.
District Court of Appeal of Florida, Second District.
September 8, 2006.
Rehearing Denied October 11, 2006.
*1167 Robert L. Donald of Law Office of Robert L. Donald, Fort Myers, and Christina Harris Schwinn of The Pavese Law Firm, Fort Myers, for Petitioners.
Michael R. Whitt and Sanjay Kurian of Becker & Poliakoff, P.A., Fort Myers, for Respondents.
LaROSE, Judge.
Edward J. Wovas and Tom and Elaine Mitchell (collectively, Lot Owners) petition this court to issue a writ of prohibition stopping the circuit court from ruling upon a petition for writ of prohibition filed by Tousa Homes, Inc., and Royal-Tee Homeowners Association, Inc. (collectively, Developer). The Lot Owners argue that the circuit court does not have appellate jurisdiction over the decisions of the Department of Business and Professional Regulation (Department); accordingly, the circuit court lacks jurisdiction to issue an extraordinary writ. We agree and grant the petition.
The Lot Owners own residential lots in a subdivision. Pursuant to section 720.311, Florida Statutes (2005), they sought mandatory binding arbitration in the Department's Division of Land Sales, Condominiums and Mobile Homes (Division). Essentially, the Lot Owners seek an order requiring the Developer to relinquish control of a homeowners' association to the residents. The Lot Owners characterize their dispute with the Developer as an election dispute. Section 720.311 mandates binding arbitration of such disputes.
The Developer filed a petition for writ of prohibition or, alternatively, a petition for all writs, in the circuit court. Claiming that, among other things, section 720.311 is unconstitutional, the Developer sought to prohibit the Division from conducting arbitration. The circuit court issued an order to show cause. The Lot Owners then filed their own petition for writ of prohibition in this court. They argue that the circuit court lacks jurisdiction to consider the Developer's prohibition petition.
Article V, section 5(b) of the Florida Constitution states:
The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law. They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to complete exercise of jurisdiction. Jurisdiction of the circuit court shall be uniform throughout the state. They shall have the power of direct review of administrative action prescribed by general law.
A circuit court may issue an extraordinary writ only where it has original or appellate jurisdiction. A circuit court may exercise appellate jurisdiction over administrative action where authorized by the legislature. Section 26.012, Florida Statutes (2005), grants the circuit courts appellate jurisdiction over "final administrative orders of local government code enforcement boards." That jurisdiction does not extend to the Division, a state agency. Prime Orlando Props., Inc. v. Dep't of Bus. Regulation, Div. of Land Sales, Condos. & Mobile Homes, 502 So.2d 456, 458 (Fla. 1st DCA 1986).
Review of state administrative agency action is proper "in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law." § 120.68(2)(a), Fla. Stat. (2005). A petition for issuance of an extraordinary writ "challenging matters in an administrative action is properly filed in [the District Court of Appeal], not the circuit court." Dep't of Health, Bd. of Dentistry v. Barr, 882 So.2d *1168 501, 501 (Fla. 1st DCA 2004). In Barr, the Board of Dentistry sought a writ of prohibition in the First District seeking to restrain the circuit court from considering Barr's petition for writ of prohibition seeking to halt disciplinary proceedings against him. The First District granted the petition, holding that the circuit court did not have jurisdiction to issue an extraordinary writ where it did not have appellate jurisdiction over the subject matter. Id. Similarly, in Florida Real Estate Commission v. Anderson, 164 So.2d 265 (Fla. 2d DCA 1964), two real estate brokers filed a petition for writ of prohibition in the circuit court alleging that the Commission lacked jurisdiction to proceed against them. See id. at 267. The supreme court held that the circuit court did not have jurisdiction to consider prohibition proceedings where it did not have appellate jurisdiction over the Commission. Id. at 268.
We conclude, therefore, that the circuit court does not have jurisdiction to consider the Developer's petition for writ of prohibition. We grant the petition and quash the circuit court's order to show cause.
Petition granted.
SALCINES and STRINGER, JJ., Concur.