PER CURIAM.
 

 The Northwest Florida Water Management District (District) petitioned this Court for a writ of prohibition or writ of quo waiTanto, raising a challenge to the authority of the Department of Community Affairs (Department) to require property owners who wished to drill wells on their property to obtain permits from the Department. The petition for writ of prohibition was previously denied in accoi’-dance with
 
 Broward County v. Florida National Properties,
 
 613 So.2d 587 (Fla. 4th DCA 1993). Having now considered the arguments of the parties regarding the District’s entitlement to the writ of quo warranto, we gi-ant the petition.
 

 The properties where the wells would be located are in St. George Island Plantation in Fi-anklin County which was the subject of a Development of Regional Impact order (DRI) issued by the Department in 1977. Freshwater wells were prohibited under the oi’iginal DRI but an amendment was passed in 1993 allowing such wells under certain circumstances because the water utility sexving the development was unable to meet demand. No wells were ever permitted under this provision, however, and the utility has increased its capacity so that it is now able to meet demand. The property owners applied for permits to exti’act non-potable water for irrigation and the District announced its intention to issue those permits. The developer and the water utility opposed issuance of the permits and petitioned the District for a formal administrative heai’ing. Later, the Department issued notices of violation to the property owners, asserting that the proposed wells were in violation of the development order and the Depai’tment’s approval had not been obtained. At that juncture, the instant petition was filed with this Court. We find that quo warranto is an appropriate remedy. Crist
 
 v. Fla. Ass’n of Criminal Defense Lawyers,
 
 978 So.2d 134 (Fla.2008). We also find that this court is the proper foi'um.
 
 Leonard v. Morgan,
 
 548 So.2d 803 (Fla. 1st DCA 1989) (extraordinary writ jui’isdiction follows appellate jurisdiction).
 

 Section 373.217, Florida Statutes (2008), provides:
 

 (2) It is the further intent of the Legis-latui’e that Part II of the Florida Water
 
 *1131
 
 Resources Act of 1972, as amended, as set forth in ss. 373.203-373.249, shall provide the exclusive authority for requiring permits for the consumptive use of water and for authorizing transportation thereof pursuant to s. 373.223(2).
 

 (3) If any provision of Part II of the Florida Water Resources Act of 1972, as amended, as set forth in ss. 373.203-373.249, is in conflict with any other provision, limitation, or restriction which is now in effect under any law or ordinance of the state or any political subdivision or municipality, or any rule or regulation promulgated thereunder, Part II shall govern and control, and such other law or ordinance or rule or regulation promulgated thereunder shall be deemed superseded for the purpose of regulating the consumptive use of water. However, this section shall not be construed to supersede the provisions of the Florida Electrical Power Plant Siting Act.
 

 (4) Other than as provided in subsection (3) of this section, Part II of the Florida Water Resources Act of 1972, as amended, preempts the regulation of the consumptive use of water as defined in this act.
 

 We agree with petitioner that this expressed intention of the Florida Legislature to provide the “exclusive authority” to the water management districts of this state for permitting the consumptive use of water is clear and requires this Court to grant the petition and exclude the Department from the process of approving the wells in question. In construing the statute, it is instructive that the Legislature specifically created an exception to the exclusive jurisdiction of the water management districts for the Florida Electrical Power Plant Siting Act. No similar exception is made for the Department’s authority under the Environmental Land and Water Management Act of 1972 on which it here relies. The only reported Florida appellate decision which resolved the conflict between the requirements of Chapters 373 and 380, Florida Statutes, is
 
 Pinellas County v. Lake Padgett Pines,
 
 333 So.2d 472 (Fla. 2d DCA 1976) but that case was decided before the enactment of the preemption provisions appearing in Chapter 373 quoted above. The court nevertheless held for the water management district, deciding that the installation of wells did not require approval through the DRI process. Other decisions, although not involving the Department of Community Affairs, support the conclusion that the preemption language of section 373.217 does in fact mean what it says and permitting by the water management district is all that is required to obtain approval for consumptive use of water in this state.
 
 See Thomas v. Southwest Fla. Water Mgmt. Dist.,
 
 864 So.2d 455 (Fla. 5th DCA 2003);
 
 Southwest Fla. Water Mgmt. Dist. v. Charlotte County,
 
 774 So.2d 903 (Fla. 2d DCA 2001);
 
 City of Cocoa v. Holland Props. Inc.,
 
 625 So.2d 17 (Fla. 5th DCA 1993).
 

 In light of the above-described authorities and analysis, we find that the Department acted in excess of its authority by issuing the notices of violation relating to the proposed wells on properties within St. George Island Plantation. We therefore grant the petition and issue the writ, directing the Department to withdraw such notices immediately upon issuance of mandate in this cause.
 

 PETITION GRANTED.
 

 HAWKES, C.J., VAN NORTWICK and BROWNING, JJ., concur.