# Third District Court of Appeal

## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1154
Lower Tribunal No. M20-5971
_____

**Danielle Elizabeth Hitchman,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for respondent.

Before SCALES, LINDSEY, and MILLER, JJ.

MILLER, J.

Through this petition for writ of prohibition, petitioner, Danielle Elizabeth Hitchman, seeks to prevent the lower tribunal from enforcing the requirement she submit to fingerprinting as one of the conditions of her probation.[1]  Finding no "want of jurisdiction either of the parties or the subject-matter of the proceeding" in the court below, we deny relief.  Ex parte Fassett, 142 U.S. 479, 486 (1892).

## BACKGROUND

Charged by information with two counts of battery in violation of section 784.03, Florida Statutes, and one count of criminal mischief in violation of section 806.13(1)(b)(1), Florida Statutes, Hitchman entered a negotiated plea of no contest in exchange for a withhold of adjudication and one year of reporting probation.  At the urging of the probation officer and prosecutor, midway through the plea colloquy, the trial court ordered fingerprinting as a condition of probation.  Hitchman subsequently filed a formal objection, claiming the trial court exceeded its jurisdiction in compelling the exemplars.

---

[1] We have jurisdiction.  See § 26.012, Fla. Stat. (2021); Dodd Chiropractic Clinic, P.A. v. USAA Cas. Ins. Co., 313 So. 3d 178 (Fla. 1st DCA 2021) ("As of January 1, 2021, section 26.012, Florida Statutes, was amended to remove a circuit court's jurisdiction to hear most appeals from the county courts.  As such, the circuit courts also lost jurisdiction to issue extraordinary writs in those same cases.") (citation omitted) (citing Dep't of Health, Bd. of Dentistry v. Barr, 882 So. 2d 501 (Fla. 1st DCA 2004) ("The circuit court does not have jurisdiction to issue an extraordinary writ if it does not have direct appellate jurisdiction over the subject matter.")).

2

The court overruled her objection, ordering compliance within a finite period of time, and the instant petition ensued.

**ANALYSIS**

"The common law writ of prohibition is not a writ of right, but it is an extraordinary judicial writ that in proper cases may be issued to restrain the unlawful exercise of judicial functions." Com. Bank of Okeechobee v. Proctor, 349 So. 2d 710, 712 (Fla. 1st DCA 1977). The writ traces its origins to the Courts of the King's Bench, Chancery, Common Pleas, and Exchequer, all of which "issued writs of prohibition to restrict the powers of ecclesiastical courts over temporal matters." Rush v. Mordue, 502 N.E.2d 170, 68 N.Y.2d 348, 352 n.2 (N.Y. 1986); see also Bd. of Comm'rs of Jasper Cnty. v. Spitler, 13 Ind. 235 (Ind. 1859); Shael Herman, The Code of Practice of 1825: The Adaptation of Common Law Institutions, 24 Tul. Eur. & Civ. L.F. 207, 214 (2009) (Prohibition was "a device for locating and fixing the boundaries between spiritual and temporal jurisdictions.").

Today, prohibition is narrow in scope, wholly dependent upon an act exceeding jurisdiction, and only appropriate "to forestall an impending present injury where person seeking writ has no other appropriate and adequate legal remedy." English v. McCrary, 348 So. 2d 293, 297 (Fla. 1977) (citation omitted). In its seminal decision in Mandico v. Taos

3

Construction, Inc., 605 So. 2d 850, 854 (Fla. 1992), the Florida Supreme Court bluntly defined the contours of the writ, stating,

> Prohibition lies to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction. In this state, circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which *clearly* and *specially* appears so to be. Therefore, prohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction; nor may it be used to test the correctness of a lower tribunal's ruling on jurisdiction where the existence of jurisdiction depends on controverted facts that the inferior tribunal has jurisdiction to determine.

(internal citations omitted).

Against this background, our legislature has vested county courts with original jurisdiction "[i]n all misdemeanor cases not cognizable by the circuit courts." § 34.01(1)(a), Fla. Stat. Further, by Florida Statute, "[a]ny state court having original jurisdiction of criminal actions" is authorized to place offenders on probation, regardless of whether adjudication is withheld, § 948.01(1), Fla. Stat., and the sentencing court is permitted to "determine the terms and conditions of probation." § 948.03(1), Fla. Stat.

In the instant case, Hitchman was charged with three misdemeanors. Hence, the county court was statutorily empowered to adjudicate the case and impose a term of probation. Hitchman, however, contends that because

she received a withhold of adjudication, two separate sources of authority precluded the trial court from rendering the disputed order.

The first source, section 943.051, Florida Statutes, governs the collection and storage of certain biometric data pertaining to criminal justice records. Under the statute, the Florida Department of Law Enforcement Criminal Justice Information Program serves as the central repository of criminal records for the State of Florida and develops "systems that inform one criminal justice agency of the criminal justice information held or maintained by other criminal justice agencies." § 943.051(1), Fla. Stat; see also Op. Att'y Gen. Fla. 99-01 (1999). Because fingerprints are to "be used as the basis for criminal history records," § 943.051(4), Fla. Stat., the statute requires that,

> The fingerprints, palm prints, and facial images of each adult person charged with or convicted of a felony, misdemeanor, or violation of a comparable ordinance by a state, county, municipal, or other law enforcement agency shall be captured and electronically submitted to [the Florida Department of Law Enforcement] in the manner prescribed by rule.

§ 943.051(2), Fla. Stat.

The second source, Florida Administrative Code Rule 11C-4.003, circumscribes arrest fingerprint card submissions. Differing somewhat from the statute, the rule mandates the "electronic submission of . . . legible quality fingerprint impressions, palm prints and facial images" of "all felony,

5

misdemeanor, or comparable ordinance" arrestees by "[a]ll law enforcement agencies of the State."  Fla. Admin. Code R. 11C-4.003.

"As in any case of statutory construction, our analysis begins with 'the language of the statute'" and rule, and where the "language provides a clear answer, it ends there as well."  Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999) (citations omitted).  Here, both statute and rule are clear and unambiguous.  As pertinent to this case, by statute, an adult charged with a misdemeanor must furnish the specified biometric identifiers, regardless of the later disposition of the case, while, by rule, the identifiers must be collected from any adult misdemeanant arrestee.

In the instant case, Hitchman, an adult offender, was initially arrested for two, and later charged with three, misdemeanors.  This series of events triggered the application of both statute and rule.  Thus, the collection of prints was authorized, if not compelled.  Hitchman argues, however, that a single collection of fingerprints is authorized.  We decline to read the relevant laws quite so narrowly.  There is no indication that by prescribing those circumstances in which an offender must provide biometric data, the legislature sought to limit the authority of the trial court to order fingerprints.

Thus, while not unmindful of the pragmatic concern that reliance upon any earlier acquired fingerprints would be expeditious and serve to preserve

6

scarce resources, we arrive at the inescapable conclusion the disputed order was rendered by a tribunal endowed with jurisdiction, and the terms contained therein do not purport to exceed the scope of judicial authority. Accordingly, prohibition does not lie.

Writ denied.