# Third District Court of Appeal
## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1165
Lower Tribunal No. 23-3 AP
_____

**Wayne Johansson,**
Petitioner,

vs.

**Miami-Dade County Value Adjustment Board, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Daryl E. Trawick, Judge.

Wayne Johansson, in proper person.

Millares Law Firm, P.A., and Rafael E. Millares, for respondent Miami-Dade County Value Adjustment Board; Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Ryan Carlin, Assistant County Attorney, for respondent Pedro J. Garcia, as Miami-Dade County Property Appraiser.

Before FERNANDEZ, SCALES and BOKOR, JJ.

SCALES, J.

Petitioner Wayne Johansson, *pro se*, seeks second-tier certiorari relief from a May 30, 2023 decision of the Miami-Dade County Circuit Court appellate division (the "appellate division") that dismissed, for lack of jurisdiction, Johansson's petition for writs of certiorari, mandamus and prohibition (the "Petition"). Johansson filed the Petition in the appellate division seeking to quash a recommendation made to the Miami-Dade County Value Adjustment Board (VAB) by the VAB's Special Magistrate regarding the valuation of Johansson's property.[1] We deny Johansson's second-tier certiorari petition because the appellate division properly dismissed the Petition for lack of jurisdiction.

## I.    Relevant Background

On January 3, 2023, the VAB Special Magistrate made a recommendation to the VAB pertaining to the 2022 assessed value of certain real property Johansson owns in Miami-Dade County. A month later, Johansson filed his Petition in the appellate division challenging the Special Magistrate's recommendation.

---

[1] Part I of chapter 194 of the Florida Statutes, titled "Administrative Review," provides, *inter alia*, the statutory mechanism for taxpayers to administratively challenge a property tax assessment. The statutory scheme provides for the creation of value adjustment boards in each Florida county, authorizes special magistrates in large counties, and outlines how proceedings before value adjustment boards and special magistrates are to be conducted.

In dismissing Johansson's Petition below, the appellate division concluded, among other things, that it lacked jurisdiction to review the Special Magistrate's recommendation because such review of VAB proceedings was not within section 26.012 of the Florida Statutes' schedule of matters over which Florida's circuit courts have jurisdiction.[2]

## II.    Analysis[3]

---

[2] The appellate division's decision also noted that, pursuant to section 194.171 of the Florida Statutes, the VAB was not a proper party to a legal proceeding challenging a tax assessment and, as this Court had held in a prior opinion, was immune from the claims that had been alleged in that lawsuit, i.e., a verified complaint filed in circuit court by Johansson related to the 2019 tax year. See Johansson v. Miami-Dade Cnty. Value Adjustment Bd., 346 So. 3d 90, 92 (Fla. 3d DCA 2022) ("Johansson-I"). In Johansson-I, we affirmed the trial court's dismissal, with prejudice, of Johansson's twelve-count, *pro se* lawsuit against the VAB. Johansson's lawsuit (seeking injunctive and mandamus relief, as well as general and punitive damages against the VAB) claimed, generally, that, by rendering a just valuation that differed from the valuation Johansson desired, the VAB and its Special Magistrate had committed various constitutional due process violations. Id. at 92. We concluded that, because the VAB's determination of the valuation of Johansson's property was a judicial act within the VAB's jurisdiction, the VAB and its Special Magistrate enjoyed quasi-judicial immunity for the valuation determination. Id. at 94. Importantly for the instant case, we also concluded that, under the relevant statutory scheme, a taxpayer's exclusive legal remedy to challenge a property valuation was via an *original proceeding* against the property appraiser. Id. at 92 n.2.

[3] An appellate court's second-tier certiorari review is limited to whether the circuit court afforded due process and applied the correct law. Fla. Int'l Univ. v. Ramos, 335 So. 3d 1221, 1224 (Fla. 3d DCA 2021).

In his second-tier certiorari petition, Johansson argues to us that the appellate division applied the incorrect law when it dismissed his Petition. Specifically, Johansson asserts that had the appellate division applied Florida Rules of Appellate Procedure 9.030(c)(2) (governing a circuit court's certiorari jurisdiction) and 9.030(c)(3) (governing a circuit court's prohibition and mandamus jurisdiction), the appellate division would have concluded that those rules provide the jurisdictional basis for it to reach the merits of his Petition. We address, in turn, the infirmities of each of Johansson's rule-based jurisdictional arguments.

1. Rule 9.030(c)(2) – Certiorari Jurisdiction

Rule 9.030(c)(2) reads, in its entirety, as follows: "*Certiorari jurisdiction*. The certiorari jurisdiction of circuit courts may be sought to review nonfinal orders of lower tribunals other than that prescribed by rule 9.130." Fla. R. App. P. 9.030(c)(2) (footnote omitted).

Rule 9.020(e) reads, in its entirety, as follows: "**Lower Tribunal.** The court, agency, officer, board, commission, judge of compensation claims or body who order is to be reviewed." Fla. R. App. P. 9.020(e).

We read the plain language of these procedural rules as authorizing a circuit court's exercise of certiorari jurisdiction to review non-final orders of a tribunal *only* if the circuit court has *reviewing authority* over proceedings

4

conducted in that tribunal, i.e., "the lower tribunal." Our reading of what constitutes a "lower tribunal" is consistent with Florida case law predicating a circuit court's power to issue extraordinary writs upon "appellate review and supervisory power." See Fla. Dep't of Cmty. Affairs v. Escambia Cnty., 582 So. 2d 1237, 1238 (Fla. 1st DCA 1991); see also Dep't of Health, Bd. of Dentistry v. Barr, 882 So. 2d. 501, 501 (Fla. 1st DCA 2004) ("The circuit court does not have jurisdiction to issue an extraordinary writ if it does not have direct appellate jurisdiction over the subject matter").

The appellate division has no reviewing or supervisory authority over proceedings conducted at the VAB or by its Special Magistrate. Pursuant to the relevant provisions of chapter 194, "[a] VAB merely serves to informally resolve tax disputes or attempts to do so." Crapo v. Acad. For Five Element Acupuncture, Inc., 278 So. 3d 113, 121 (Fla. 1st DCA 2019). Indeed, "it is not necessary for a taxpayer to seek informal resolution with the property appraiser or the VAB before filing suit in court. Both the property appraiser and the taxpayer can go straight to circuit court to litigate an assessment . . . and skip the VAB altogether." Id. at 121-22 (citation omitted).

While Florida's circuit courts have no reviewing or supervisory authority over VAB proceedings, the circuit courts (as described in part II of chapter 194, titled "Judicial Review"), do play a critical – in fact, exclusive –

5

role in *adjudicating* taxpayer disputes. Indeed, the exclusive venue for legal adjudication of taxpayer challenges to tax assessments is an original, *de novo* proceeding in circuit court. § 194.171(1), Fla. Stat. (2023); § 194.036(3), Fla. Stat. (2023). In those original circuit court proceedings, however, VAB decisions do not serve as precedent and are owed no deference. Crapo, 278 So. 3d at 122.

Johansson has cited no authority that Florida's circuit courts, such as the appellate division, have authority to review VAB proceedings conducted under, and decisions rendered pursuant to, part I of chapter 194.[4]

In sum, given Florida's circuit courts' role in adjudicating taxpayer assessment disputes via original proceedings, and without authority to "review" or "supervise" VAB proceedings, neither the VAB nor its Special Magistrate constitutes a "lower tribunal" of the appellate division. Thus, rule 9.030(c)(2) does not provide a basis for the appellate division to exercise

---

[4] We are aware that the heading of section 194.036 (which reads, "**Appeals**") and the section's prefatory language ("Appeals of the decisions of the board shall be as follows:") are misleading in this regard. But section 194.036(3) plainly states that the circuit court proceeding in which the taxpayer contests a tax assessment is "de novo." And, as we noted in Johansson-I, "[a] VAB decision is not 'appealable' in the formal sense of an appeal as a review proceeding. . . . 'While this process is referred to as an 'appeal' of the board's decision, actions brought in the circuit court pursuant to section 194.032, now section 194.036, are original actions, not appeals.' Crapo, 278 So. 3d at 122 (quoting Williams v. Law, 368 So. 2d 1285 (Fla. 1979))." Johansson-I, 346 So. 3d at 92 n.2.

jurisdiction over that portion of the Petition seeking certiorari relief, and the appellate division properly dismissed the Petition for lack of jurisdiction.

2. Rule 9.030(c)(3) – Mandamus and Prohibition Jurisdiction

Citing rule 9.030(c)(3) as jurisdictional authority, the Petition below also sought from the appellate division writs of mandamus and prohibition directed toward the VAB and its Special Magistrate.

Rule 9.030(c)(3) reads, in its entirety, as follows: "*Original Jurisdiction*. Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction." Fla. R. App. P. 9.030(c)(3) (footnote omitted).

Johansson's argument that this rule provides the appellate division with jurisdiction to issue extraordinary writs to the VAB and its Special Magistrate is similarly flawed because a circuit court's power to issue extraordinary writs exists only where the circuit court has original or appellate jurisdiction over the parties' dispute. Wovas v. Tousa Homes, Inc., 940 So. 2d 1166, 1167 (Fla. 2d DCA 2006). Put another way, for a circuit court to issue an extraordinary writ, the issuing court must have appellate review and supervisory power over the tribunal to whom the extraordinary writ is directed. Fla. Dep't of Cmty. Affairs, 582 So. 2d at 1238.

7

The Petition seeks from the appellate division writs directed to proceedings conducted by the VAB and its Special Magistrate pursuant to part I of chapter 194. As discussed above, the appellate division has no authority to review VAB decisions and has no supervisory power over VAB proceedings conducted pursuant to part I of chapter 194. Thus, rule 9.030(c)(3) provides no jurisdictional basis for the appellate division to issue extraordinary writs to the VAB or its Special Magistrate. On this basis, as well, the appellate division properly dismissed the Petition for lack of jurisdiction.

Petition denied.