962 So.2d 1028 (2007)
Maite TOLEDO, Petitioner,
v.
Alejandro ESCAMILLA, Respondent.
No. 3D07-460.
District Court of Appeal of Florida, Third District.
August 8, 2007.
Wedderburn & Jacobs and Bruce R. Jacobs, North Miami Beach, for petitioner.
Michael Lechtman, North Miami Beach, for respondent.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The petitioner, Maite Toledo ("Ms. Toledo"), petitions this court for a writ of certiorari, seeking to quash the circuit court's appellate opinion dated October 10, 2006, which affirms the final judgment of eviction entered by the county court pursuant to Chapter 83, Part II, Florida Statutes (2004). As we conclude that the county court lacked subject matter jurisdiction to enter the final judgment of eviction, we grant the petition.
The respondent, Alejandro Escamilla ("Mr. Escamilla"), filed an eviction action against Ms. Toledo in county court pursuant to Chapter 83, Part II, Florida Statutes *1029 (2004), which is known as the Florida Residential Landlord and Tenant Act ("Act"), asserting that Ms. Toledo was a tenant. Ms. Toledo answered the complaint asserting that she lived with her former boyfriend and their son in the subject property, and that after her former boyfriend left, she and her son remained in the property. Believing that she was a part owner of the property, Ms. Toledo continued to pay the mortgage, association fees, and maintenance, and she also made improvements to the property. Several years later, without Ms. Toledo's knowledge, her former boyfriend sold the property to Mr. Escamilla.
The county court entered a default judgment against Ms. Toledo for failing to place rent into the court's registry. Ms. Toledo appealed to the circuit court. The circuit court reversed and remanded, directing the county court to "determine whether [Mr. Escamilla's] action should have been founded upon eviction or ejection principles, and if ejection is the proper vehicle, to afford [Ms. Toledo] an evidentiary hearing to determine the amount in controversy."[1]
After conducting a hearing, the county court entered an order finding that Ms. Toledo had no leasehold interest in the property, and dismissed the lis pendens she had filed. The county court concluded that when Mr. Escamilla purchased the property, he had no record notice that Ms. Toledo might have a claim against her former boyfriend, and that
[Ms. Toledo's] contentions are legally insufficient to maintain a claim for an equitable interest in the property against [Mr. Escamilla]. Accordingly, as [Ms. Toledo] could not legally maintain an action for an equitable stake in the condominium unit at the time the complaint was filed in this matter, the action was properly one for eviction, and not ejectment.
Ms. Toledo appealed this judgment to the circuit court's appellate division. The circuit court, without providing any analysis, issued an opinion affirming the county court's final judgment of eviction, but remanded "for a determination whether [Ms. Toledo] and/or her counsel should be sanctioned for filing the Lis Pendens, dated January 12, 2006, and released May 25, 2006, (after oral argument in this appeal), based upon the order of the trial court."
In this petition for writ of certiorari, Ms. Toledo argues that the county court lacked subject matter jurisdiction over Mr. Escamilla's action, and therefore, the circuit court, acting in its appellate capacity, applied the incorrect law when it affirmed the county court's judgment of eviction. We agree.
We begin our analysis by acknowledging that a district court's scope of review on second-tier certiorari is whether the circuit court afforded procedural due process and whether it applied the correct law. See Dusseau v. Metropolitan Dade County Bd. of County Comm'rs, 794 So.2d 1270, 1273 (Fla. 2001). We find that the circuit court failed to apply the correct law in affirming the county court's judgment, as the county court lacked subject matter jurisdiction to enter the judgment of eviction.
The Act affords a landlord a summary procedure in county court when seeking to remove a tenant from its premises. Specifically, section 83.59(2), Florida Statutes (2004), provides in part:
A landlord . . . applying for the removal of a tenant shall file in the county court *1030 of the county where the premises are situated a complaint describing the dwelling unit and stating the facts that authorize its recovery. . . . The landlord is entitled to the summary procedure provided in s. 51.011[F.S. 1971], and the court shall advance the cause on the calendar.
(Emphasis added). Thus, a landlord/tenant relationship is a condition precedent to applying this statutory remedy.
Section 83.43(4), Florida Statutes (2004), defines "tenant" as "any person entitled to occupy a dwelling unit under a rental agreement." Moreover, section 83.43(7) defines "rental agreement" as "any written agreement, or oral agreement if for less duration than 1 year, providing for use and occupancy of premises."
In the instant case, it is undisputed that there was no written "rental agreement." Moreover, it is also undisputed that after Ms. Toledo's former boyfriend moved from the condominium unit, Ms. Toledo continued to live there for approximately four years. Thus, any oral agreement between Ms. Toledo and her former boyfriend cannot be considered a "rental agreement" as defined in section 83.43(7), as the oral agreement, if any, between Ms. Toledo and her former boyfriend was not for a duration of less than one year. Therefore, as Ms. Toledo is not a "tenant" as defined by the Act, the county court lacked subject matter jurisdiction.
We also find that when Ms. Toledo asserted in her answer that she was not a tenant and that she had an equitable interest in the property, ejectment, not eviction, was the proper remedy, and the matter should have been transferred to the circuit court. The circuit court has "exclusive original jurisdiction" over ejectment actions. See § 26.012(2)(f), Fla. Stat. (2004)(specifying that circuit courts have "exclusive original jurisdiction" over "actions of ejectment"); Pro-Art Dental Lab, Inc. v. V-Strategic Group, LLC, 959 So.2d 753 (Fla. 4th DCA 2007)(holding that pursuant to section 26.012(2)(f), Florida Statutes, circuit courts have exclusive original jurisdiction over ejectment actions). Thus, the county court did not have subject matter jurisdiction to determine whether Ms. Toledo had an equitable interest in the condominium unit. See Consumers Alliance Corp. v. McWhorter, 12 Fla. L. Weekly Supp. 890a (Fla. Broward Cty. Ct. July 13, 2005)(holding that "Plaintiff failed to prove that this is a landlord-tenant relationship with a `rental agreement' as required by Florida Statutes §§ 83.41, 83.43(6) & 83.43(7) (2004). . . . As a result, although the Plaintiff may have a bona fide case for ejectment or foreclosure, it was unable to sustain a case for eviction under the Landlord and Tenant Act"), affirmed, 13 Fla. L. Weekly Supp. 1159c (Fla. 17th Cir.Ct. Aug. 25, 2006); Vasquez v. Futch, 7 Fla. L. Weekly Supp. 100a (Fla. 19th Cir. Ct. Sept. 8, 1999)("Pursuant to Section[] 26.012(2)(f) . . ., the circuit courts have exclusive original jurisdiction in actions of ejectment. . . . Once the [party in possession of the real property] raised the issue of a competing claim to title as an affirmative defense, it could no longer be assumed that the case was a landlord/tenant matter within the jurisdiction of the county court."); Ali v. Matos, 11 Fla. L. Weekly Supp. 846a (Fla. Broward Cty. Ct. Apr. 21, 2004)(finding that cause of action for ejectment is a "remedy for possessory claims where there is no landlord/tenant relationship" and that "County Court does not have jurisdiction to hear ejectment actions").
Because the county court lacked subject matter jurisdiction to resolve the issues before it, the decision reached by the county court constitutes fundamental error reviewable by this court on a petition for certiorari. See Stel-Den of Am., Inc. v. Roof Structures, Inc., 438 So.2d 882, 884 *1031 (Fla. 4th DCA 1983)("An incorrect decision on subject matter jurisdiction is fundamental error. It constitutes a departure from the essential requirements of law, sufficient to justify invocation of [district] court's certiorari jurisdiction. . . . Thus, the county court's lack of subject matter jurisdiction was properly raised in the circuit court. So too, it is properly before [district] court.").
Therefore, as the county court lacked subject matter jurisdiction, we grant the petition, quash the circuit court's opinion, and instruct the circuit court to enter an order reversing the county court's judgment of eviction and to transfer Mr. Escamilla's action to the circuit court pursuant to Florida Rule of Civil Procedure 1.060(a).
Petition granted.
NOTES
[1] The appellate court issued a stay, but Ms. Toledo was evicted because the Sheriff's office had already issued the writ of possession.