# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1788
Lower Tribunal No. 16-2328
_____

**Elizabeth Borjas,**
Appellant,

vs.

**Jorge Lopez Vergara,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Private Advising Group, P.A., and Jaime D. Guttman, for appellant.

ADR Miami, LLC, and Juan Ramirez, Jr., for appellee.

Before SALTER, LOGUE and LINDSEY, JJ.

LINDSEY, J.

This is an appeal from a final judgment in favor of Appellee, Jorge Lopez Vergara, awarding back rent and possession of an apartment and finding

entitlement to attorney's fees pursuant to section 83.48, Florida Statutes. Because there is no landlord/tenant relationship between the parties to this action, we reverse.

Appellant, Elizabeth Borjas, and her son, Erick Vaiana, owned an apartment located at the Skyline on Brickell (the "Apartment") until their interest was foreclosed by Branch Banking & Trust Co. ("BB&T"). Mr. Vergara acquired title to the Apartment from BB&T in September of 2012 by Special Warranty Deed in exchange for $450,000. According to Mr. Vergara, he purchased the Apartment from BB&T at the request of, and as a favor to, his friend, Mr. Vaiana. Mr. Vaiana's mother, Ms. Borjas, was residing in the Apartment when Mr. Vergara obtained title. Mr. Vergara purchased the Apartment with the understanding that Mr. Vaiana would repay him for the purchase price "in a couple of months" and, in exchange, he would transfer title to Mr. Vaiana. Instead, a couple of years went by and, when Mr. Vergara still had not been repaid, he and Mr. Vaiana entered into a handwritten agreement to attempt to resolve their dispute. Their attempt would prove to be unsuccessful.

After yet another year had passed, Ms. Borjas and Mr. Vaiana sued Mr. Vergara in the circuit court of the Eleventh Judicial Circuit in and for Miami-Dade County in an eight-count complaint alleging a partnership between the three of them with respect to various real estate investments in Miami, one of which was

2

the Apartment (the "Pending Case").[1]  Three months later, Mr. Vergara filed this action in the county court in and for Miami-Dade County against Ms. Borjas, who was still residing in the Apartment, seeking possession, back rent and attorney's fees.  Ms. Borjas asserted in her answer that the county court lacked subject matter jurisdiction, that there was no rental agreement under section 83.43, Florida Statutes, and that she had an ownership interest in the Apartment.  She then moved to have the case transferred and consolidated with the Pending Case.  The county court transferred this case to the same division of the circuit court as the Pending Case.  Upon receipt of the transfer, the circuit court denied consolidation, granted Mr. Vergara's motion for an expedited trial pursuant to sections 83.59 and 51.011, Florida Statutes, and entered the Final Judgment that is the subject of this appeal.

The Florida Residential Landlord and Tenant Act, found in Chapter 83, Part II of the Florida Statutes, affords a landlord a summary procedure in county court when seeking to remove a tenant from its premises.  Toledo v. Escamilla, 962 So. 2d 1028, 1029 (Fla. 3d DCA 2007).[2]  "Section 83.43(4), Florida Statutes (2004), defines 'tenant' as 'any person entitled to occupy a dwelling unit under a rental

[1] See Vaiana v. Vergara, No. 15-12023-CA-01 (Fla. 11th Cir. Ct. May 4, 2017) (entering a final judgment for Mr. Vaiana and Ms. Borjas after a jury verdict was rendered in their favor), appeal docketed, No. 3D17-1072 (Fla. 3d DCA May 9, 2017).

[2] Pursuant to section 83.59, a landlord "is entitled to the summary procedure provided in s. 51.011, and the court shall advance the cause on the calendar."  § 83.59(2), Fla. Stat. 2017.  Toledo, 962 So. 2d at 1030.

agreement.'" Id. at 1030. "Moreover, section 83.43(7) defines 'rental agreement' as 'any written agreement, or oral agreement if for less duration than 1 year, providing for use and occupancy of premises.'" Id. This court further explained in Toledo that a landlord/tenant relationship is a condition precedent to applying this statutory remedy. Id. at 1029-30. And, "[i]n any civil action brought to enforce the provisions of the rental agreement or this part, the party in whose favor a judgment or decree has been rendered may recover reasonable attorney fees and court costs from the nonprevailing party." § 83.48, Fla. Stat. (2017).

While there is record evidence of some form of agreement between Mr. Vergara and Mr. Vaiana, Mr. Vaiana is not a party to this action. On the other hand, there is no record evidence of a lease or any other form of agreement between Mr. Vergara and Ms. Borjas. Thus, Mr. Vergara is not entitled to relief herein under Chapters 83 and 51 of the Florida Statutes. See Toledo, 962 So. 2d 1028 (finding no rental agreement and holding that when the defendant asserted in her answer that she was not a tenant and had an equitable interest in the property, ejectment, not eviction, was the proper remedy). As such, we reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

4