# Third District Court of Appeal

## State of Florida

Opinion filed March 07, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2803
Lower Tribunal No. 16-438
_____


**Norman Mesnikoff,**
Petitioner,

vs.

**FQ Backyard Trading, LLC,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Sarah Zabel, Valerie R. Manno Schurr, and Monica Gordo, Judges.

Arthur J. Morburger, for petitioner.

Chase Law, LLC, and Kenneth E. Chase (Washington, DC), for respondent.


Before ROTHENBERG, C.J., and SALTER and LOGUE, JJ.

ROTHENBERG, C.J.

The petitioner, Norman Mesnikoff ("Mesnikoff"), seeks second-tier

certiorari review of the circuit court appellate division's per curiam affirmance of a final judgment of eviction entered in favor of the respondent, FQ Backyard Trading, LLC ("Backyard Trading"). Because we conclude that the county court lacked subject matter jurisdiction to enter the final judgment of eviction, we grant the petition and quash the decision entered by the circuit court appellate division.

## I. Factual and Procedural History

Mesnikoff and his girlfriend, Doris Dubler, began to live together in December 1989, after Dubler purchased a condominium titled solely in her name. On June 28, 2002, Dubler executed the Doris Dubler Revocable Trust ("revocable trust"), which provides that if Dubler is survived by Mesnikoff, the trustee shall pay off the existing mortgage on the condominium and permit Mesnikoff to reside in the condominium for the rest of his life so long as he pays the real estate taxes and maintenance.

On February 24, 2010, without Mesnikoff's knowledge, Dubler executed the First Amendment to the Doris Dubler Revocable Trust ("amended revocable trust"), which eliminated the above referenced provision, but added several provisions affecting Mesnikoff. First, the amended revocable trust provides that if Dubler is survived by Mesnikoff, the trustee shall pay Mesnikoff $25,000 from a specific brokerage account. Second, if the trust estate contains the condominium at the time of Dubler's death, the trustee shall sell the condominium as soon as

2

practicable, and the proceeds from the sale shall be distributed to Dubler's then-living children in equal shares, per stirpes. Lastly, if Mesnikoff still resides in the condominium at the time of Dubler's death, Mesnikoff may occupy the condominium until the condominium is sold, provided that he pays the real estate taxes and the maintenance costs of the condominium.

Following Dubler's death in March 2016, Mesnikoff was notified that the successor co-trustees of the revocable trust, Steven Kugler and Shelley Shader (Dubler's children), were selling the condominium and that Mesnikoff would have to vacate the condominium upon its sale. On July 18, 2016, Kugler and Shader, individually and as co-trustees of the revocable trust, sold the condominium to Backyard Trading for $245,000.

After the condominium was sold to Backyard Trading, Mesnikoff refused to vacate the condominium, and Backyard Trading initiated the underlying action in county court against Mesnikoff. Backyard Trading filed a "Complaint for Possession of Real Property and Ejectment from Real Estate," which provided, in part, as follows: "NOW COMES Plaintiff [Backyard Trading] and hereby files this complaint for possession of real property and to eject the wrongful possessor of real property, Defendant Norman Mesnikoff . . . **under Florida Statute 66.021**."[1] (emphasis added). Backyard Trading requested that the county court

---

[1] Chapter 66 of the Florida Statutes pertains solely to actions for ejectment.

3

enter a judgment "ejecting [Mesnikoff] from the [condominium] and restoring possession" of the condominium to Backyard Trading. Importantly, the complaint made absolutely no reference to a tenancy; a rental agreement; or Chapter 83, Part II, Florida Statutes (2016), which is known as the Florida Residential Landlord and Tenant Act ("the Act").

In response, Mesnikoff filed an answer and asserted several affirmative defenses. Mesnikoff explained that he initially did not know that the condominium was titled solely in Dubler's name, and from the date the condominium was purchased, he and Dubler opened a joint bank account to pay for all expenses associated with the condominium, including the mortgage, real estate taxes, insurance, maintenance, assessments, and improvements. Mesnikoff's federal pension and social security payments and Dubler's social security payment were deposited into the joint bank account. Mesnikoff also explained that after he learned that his name did not appear on the deed, Dubler promised him that he could live in the condominium for the rest of his life pursuant to the terms of the revocable trust. Mesnikoff became aware of the amended revocable trust following Dubler's death, and he asserted that Dubler's children fraudulently induced Dubler into changing the terms of the revocable trust. Based on these assertions, Mesnikoff claimed, in part, that Backyard Trading has unclean hands because its attorney had advance knowledge that Mesnikoff had been living in the

4

condominium for twenty-seven years and was claiming that he had an equitable lien and ownership interest in the condominium, and that Mesnikoff had requested that the sale not take place or, in the alternative, that the sale proceeds be held in escrow until Mesnikoff's equitable lien rights had been resolved.

Following Mesnikoff's answer and affirmative defenses, Backyard Trading moved for summary judgment. In its motion, despite the absence of any allegations in its complaint concerning a residential tenancy, Backyard Trading stated that Mesnikoff is a "**tenant** who refuses to vacate the premises." (emphasis added).

During the hearing, the county court correctly recognized its lack of jurisdiction to adjudicate Backyard Trading's action for ejectment filed under section 66.021. See § 26.012(2)(f), Fla. Stat. (2016) (providing that circuit courts have "exclusive original jurisdiction" in "actions for ejectment"). When addressing the county court's concern relating to subject matter jurisdiction, Backyard Trading's counsel announced that he was dismissing the ejectment action and was proceeding solely on a claim for "possession," arguing that the instant case involves "a landlord-tenant issue."[2] The county court continued to question whether it had subject matter jurisdiction, and it then reserved ruling and

---

[2] The trial court entered a memo of disposition reflecting that Backyard Trading dismissed its ejectment count and was going forward only as to its count for "possession."

encouraged the parties to come to an agreement.

After the parties failed to enter into a settlement, the county court entered an order granting Backyard Trading's motion for summary judgment. Thereafter, the county court entered a final judgment in favor of Backyard Trading on what the county court called a "Complaint for Eviction," which entitled Backyard Trading to recover possession of the condominium from Mesnikoff.

Mesnikoff then appealed the judgment of eviction entered by the county court to the circuit court appellate division, arguing that the county court lacked subject matter jurisdiction. The circuit court, sitting in its appellate capacity, entered a per curiam affirmance. Mesnikoff's second-tier petition for certiorari review followed.[3]

## II. Analysis

"The standard governing the disposition of a petition for second-tier certiorari in a district court is narrow: '[T]he district court must determine whether

---

[3] Although the circuit court, sitting in its appellate capacity, issued a per curiam affirmance in the present case, Mesnikoff was not precluded from seeking second-tier certiorari review in this Court. See Auerbach v. City of Miami, 929 So. 2d 693, 694-95 (Fla. 3d DCA 2006) (exercising jurisdiction to review a circuit court appellate division per curiam affirmance where "[f]ailing to do so . . . would . . . [result in] an unjustified approval of the obvious failure of the circuit court to apply the correct law and the resulting 'miscarriage of justice' which occurred below") (citations omitted and footnote omitted); Rich v. Fisher, 655 So. 2d 1149, 1150 (Fla. 4th DCA 1995) (noting that "[c]ounty court litigants . . . are not precluded from seeking review in the district court of appeal when the circuit court affirms without opinion").

the decision of the circuit court . . . is a departure from the essential requirements of law resulting in a miscarriage of justice.'" State, Dep't of Highway Safety & Motor Vehicles v. Fernandez, 114 So. 3d 266, 269-70 (Fla. 3d DCA 2013) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 725 (Fla. 2012)). The circuit court's decision departs from the essential requirements of law where the circuit court fails to afford procedural due process or fails to apply the correct law. Nader, 87 So. 3d at 722-23 (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla. 1995)). In the instant case, Mesnikoff does not argue that the circuit court appellate division did not afford him procedural due process. Therefore, the sole issue before this Court is whether the circuit court failed to apply the correct law, resulting in a miscarriage of justice.

In his petition for second-tier certiorari review, Mesnikoff argues that the county court lacked subject matter jurisdiction, and therefore, the circuit court failed to apply the correct law when affirming the final judgment entered by the county court. We agree, and therefore, we grant the petition and quash the circuit court's appellate decision.

During the summary judgment hearing, Backyard Trading realized that the county court did not have subject matter jurisdiction to adjudicate its action for ejectment. Backyard Trading then led the trial court astray by characterizing its complaint as a two-count complaint—(1) ejectment under section 66.021, and (2)

possession—and by announcing that it was voluntarily dismissing the ejectment action and proceeding solely under its count for "possession." In making this argument, although Backyard Trading's complaint does not indicate in any fashion that Mesnikoff was a tenant under the Act, Backyard Trading informed the trial court that the case involved a "landlord-tenant issue." Thereafter, the trial court entered a final judgment on what the county court called Backyard Trading's "Complaint for Eviction."

Our review of the complaint clearly indicates that Backyard Trading pled only one count—ejectment under section 66.021. Specifically, Backyard Trading requested that the county court enter a judgment "ejecting [Mesnikoff] from the [condominium] and restoring possession" of the condominium to Backyard Trading. Therefore, once Backyard Trading voluntarily dismissed its sole count for ejectment, the trial court lacked subject matter as there were no remaining claims to adjudicate.[4] As the county court lacked subject matter jurisdiction, the decision of the circuit court, sitting in its appellate capacity, affirming the county court's judgment of eviction constitutes a departure from the essential requirements of law resulting in a miscarriage of justice. See Stel-Den of Am., Inc. v. Roof Structures, Inc., 438 So. 2d 882, 884 (Fla. 4th DCA 1983) (holding

---

[4] Even if Backyard Trading had not voluntarily dismissed its action for ejectment, the trial court would have nonetheless lacked subject matter jurisdiction because, as stated early, circuit courts have "exclusive original jurisdiction" in "actions for ejectment." § 26.012(2)(f).

8

that a court's "incorrect decision on subject matter jurisdiction . . . constitutes a departure from the essential requirements of law, sufficient to justify invocation of [second-tier] certiorari jurisdiction"). Accordingly, we grant Mesnikoff's second-tier certiorari petition and quash the per curiam affirmance issued by the circuit court appellate division.

Even if Backyard Trading did attempt to include in its complaint a second count for possession under section 83.59(1) of the Act, which it did not, we would nonetheless conclude that the county court lacked subject matter jurisdiction to enter a final judgment for eviction and possession because a landlord-tenant relationship did not exist. And as previously stated, a court's "incorrect decision on subject matter jurisdiction . . . constitutes a departure from the essential requirements of law, sufficient to justify invocation of [second-tier] certiorari jurisdiction." Stel-Den of Am., 438 So. 2d at 884.

The Act "applies to the rental of a dwelling unit." § 83.41, Fla. Stat. (2016). Although we agree that Backyard Trading is a "landlord" under the Act, § 83.43(3), Fla. Stat. (2016) (defining "landlord" as "the **owner** or lessor of a dwelling unit") (emphasis added), Mesnikoff is not a "tenant" under the Act because there was no rental agreement. See § 83.43(4), Florida Statutes (2016) (defining "tenant" as "any person entitled to occupy a dwelling unit under a rental agreement"); see also Toledo v. Escamilla, 962 So. 2d 1028, 1030 (Fla. 3d DCA

9

2007) (holding that, because the party occupying the dwelling unit "is not a 'tenant' as defined by the Act, the county court lacked subject matter jurisdiction"). Thus, section 83.59(1) of the Act does not apply.

In addition, we note that, based on his answer and affirmative defenses, which clearly indicated that Mesnikoff was not in possession of the condominium as a "tenant" and was claiming an equitable lien and ownership interest in the condominium, ejectment, not eviction, was the proper remedy. See Toledo, 962 So. 2d at 1030 ("We also find that when [the party in possession of the dwelling unit] asserted in her answer that she was not a tenant and that she had an equitable interest in the property, ejectment, not eviction, was the proper remedy, and the matter should have been transferred to the circuit court [because] [t]he circuit court has 'exclusive original jurisdiction' over ejectment actions"); see also Ward v. Estate of Ward, 1 So. 3d 238, 239 (Fla. 1st DCA 2008) (concluding that "the circuit court departed from the essential requirements of law in affirming the county court's exercise of jurisdiction" in a complaint for eviction where the defendants in the eviction action "asserted a claim to an equitable interest in the property they inhabited, which should have been resolved by the circuit court," noting that "circuit courts have exclusive original jurisdiction in ejectment actions"). Accordingly, we would have also granted Mesnikoff's second-tier certiorari petition for these separate reasons.

Petition granted; decision of circuit court appellate division quashed.