# Third District Court of Appeal

## State of Florida

Opinion filed June 23, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1205
Lower Tribunal No. 21-818 CC
_____

**Brian A. Dupree,**
Petitioner,

vs.

**Shekina Dellmar, etc.,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Brian A. Dupree, in proper person.

Henrietta Jo Pace, for respondent.

Before EMAS, C.J., and LOGUE and BOKOR, JJ.

BOKOR, J.

Brian A. Dupree petitions this court for a writ of prohibition.[1] Dupree claims the county court exceeded its authority in adjudicating issues pertaining to his equitable interest in real property and in continuing to exercise jurisdiction by failing to dismiss or transfer the action to circuit court. Based on the clear language of the relevant statutory authority, and consistent with binding precedent of this court, we agree.

Section 34.011 of the Florida Statutes establishes county court "jurisdiction concurrent with the circuit court" over landlord tenant claims within its jurisdictional limits. § 34.011(1), Fla. Stat. (2020). Further, the county court enjoys "exclusive jurisdiction of proceedings relating to the right of possession of real property . . . except that the circuit court also has jurisdiction if the amount in controversy exceeds the jurisdictional limits of the county court **or the circuit court otherwise has jurisdiction as provided in s. 26.012**." § 34.011(2), Fla. Stat. (2020) (emphasis added).

The county court correctly notes that "[t]he County Court has jurisdiction to hear matters involving possession and tenancy of real

---

[1] Prohibition "is very narrow in scope and operation and must be employed with caution and utilized only in emergency cases to prevent an impending injury where there is no other appropriate and adequate legal remedy." Mandico v. Taos Constr., Inc., 605 So. 2d 850, 854 (Fla. 1992). Dupree appropriately seeks prohibition where, as here, further action in excess of the trial court's authority would result in impending injury.

2

property."   April 8, 2021 Order Denying Defendant's Motion Challenging Subject Matter Jurisdiction and Granting Plaintiff's Motion to Strike. However, Dupree's counterclaim or affirmative defense regarding his interest in the real property requires a more fulsome jurisdictional analysis.  Dupree's claim of equitable interest in the property triggers "the circuit court['s] jurisdiction as provided in s. 26.012."  § 34.011(2), Fla. Stat. (2020).  Section 26.012 provides **exclusive** original jurisdiction to the circuit court:

> (a)  In all actions at law not cognizable by the county courts;
> [ . . . ]
> (f)   In actions of ejectment; and
> (g)  In all actions involving the title and boundaries of real property.

§ 26.012, Fla. Stat. (2020).  The county court, therefore, erred in adjudicating any claim regarding Dupree's interest in the property and in denying the motion to dismiss lack of subject matter jurisdiction. See Toledo v. Escamilla, 962 So. 2d 1028, 1030 (Fla. 3d DCA 2007) ("We also find that when Ms. Toledo asserted in her answer that she was not a tenant and that she had an equitable interest in the property, ejectment, not eviction, was the proper remedy, and the matter should have been transferred to the circuit court. The circuit court has 'exclusive original jurisdiction' over ejectment actions.") (citing § 26.012(2)(f), Fla. Stat. (2004); Mesnikoff v. FQ Backyard Trading, LLC, 239 So. 3d 765, 770 (Fla. 3d DCA 2018) (explaining that the county

court lacked jurisdiction over an eviction action where the purported tenant claimed to have an equitable interest in the property); Ward v. Estate of Ward, 1 So. 3d 238, 239 (Fla. 1st DCA 2008) ("In their answer to the complaint for eviction filed in the county court. . .petitioners asserted a claim to an equitable interest in the property they inhabited, which should have been resolved by the circuit court."); see also Fla. R. Civ. P. 1.170(j) (2020) ("[i]f the demand of any counterclaim . . . exceeds the jurisdiction of the court in which the action is pending, the action must be transferred immediately to the court of the same county having jurisdiction of the demand in the counterclaim."). Accordingly, the county court exceeded its jurisdiction in adjudicating issues related to Dupree's claims of an equitable interest in real property and in continuing to exercise jurisdiction where none exists.

We grant the petition but withhold issuance of a writ to permit transfer of the matter to circuit court.