# Third District Court of Appeal

## State of Florida

Opinion filed July 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-0165, 3D21-2335
Lower Tribunal Nos. 20-156 AP, 19-26472 CC, 20-14519

_____


**John A. Thompson, etc., et al.,**
Appellants/Petitioners,

vs.

**Stephen A. Thompson, etc.,**
Appellee/Respondent.


An Appeal from non-final orders from the County Court for Miami-Dade County, Linda Diaz, Judge.
A Case of Original Jurisdiction – Mandamus

John A. Thompson and Nanette N. Thompson, in proper persons.

Schwartz Sladkus Reich Greenberg Atlas LLP and Jonathan Mann and Robin Bresky (Boca Raton), for appellee/respondent.


Before LOGUE, MILLER and LOBREE, JJ.

LOBREE, J.

Paul A. Thompson, as trustee of the Paul A. Thompson and Virginia A. Thompson Revocable Trust, filed an unlawful detainer action in county court under section 82.04, Florida Statutes (2019), seeking to remove John A. Thompson and Nanette Thompson from a residential property held by the trust. In their answer, John and Nanette asserted, among other things, that John had an ownership interest in the property as a beneficiary under the trust and an equitable interest in the property based upon improvements that he made to it. After a trial, final judgment was entered in favor of the trustee. John and Nanette then filed two Florida Rule of Civil Procedure 1.540(b)(2) motions to vacate the final judgment. Following hearings, the county court denied John and Nanette's motions to vacate.

In case number 3D21-0165, John and Nanette seek review of the trial court's denial of their motions to vacate, arguing the county court lacked subject matter jurisdiction[1] to consider the action once they asserted an equitable ownership interest in the property via answer.[2] Because we decide

---

[1] "Jurisdiction of the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case or the ultimate existence of a good cause of action in the plaintiff therein." Bohlinger v. Higginbotham, 70 So. 2d 911, 915 (Fla. 1954) (quoting Quigley v. Cremin, 113 So. 892, 894 (Fla. 1927)).

[2] Although John and Nanette challenged the county court's subject matter jurisdiction in their second motion to vacate, they did so on a basis different

2

in John and Nanette's favor solely on this issue, we do not reach the other arguments raised on appeal.

"Unlawful detention is a statutory action created under chapter 82," Colantonio v. Moog, 326 So. 3d 807, 809 (Fla. 5th DCA 2021), the essence of which is a claim for "unlawful withholding of possession by the defendant," Se. Fid. Ins. Co. v. Berman, 231 So. 2d 249, 251 (Fla. 3d DCA 1970). The issue raised by a claim of unlawful detainer is one of possession, not ultimate title to the property. § 82.04, Fla. Stat. ("The court shall determine only the right of possession and any damages. Unless it is necessary to determine the right of possession or the record titleholder, the court may not determine the question of title."); see Floro v. Parker, 205 So. 2d 363, 366 (Fla. 2d DCA 1967) ("[I]t is immaterial whether plaintiff had the [l]egal right of possession or not. He may have been devoid of any muniments of title, or even be a trespasser. So long as he had peaceful prior possession and had been forcibly put out of that possession by defendant, the action would lie."); see,

---

from the one presented to us. This does not preclude our review, as the issue of whether the trial court had subject matter jurisdiction may be raised for the first time on appeal. Contreras v. Contreras, 336 So. 3d 772, 773 (Fla. 3d DCA 2021) ("A legion of cases make it clear that the issue of subject matter jurisdiction may be considered by an appellate court even though raised for the first time on appeal." (quoting Parker v. Parker, 553 So. 2d 309, 311 (Fla. 1st DCA 1989))).

e.g., § 82.101, Fla. Stat. ("A judgment rendered either for the plaintiff or the defendant pursuant to this chapter may be superseded, in whole or in part, by a subsequent judgment in an action for trespass for injury to the real property, ejectment, or quiet title involving the same parties with respect to the same real property."). Because a claim for unlawful detainer concerns possession of real property, as long as the amount in controversy requirement is met, exclusive jurisdiction lies in the county court, where this case undisputedly was properly filed. § 34.011(2), Fla. Stat.; Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So. 2d 1244, 1251 (Fla. 2008).

However, when John and Nanette answered that John was a beneficiary of the trust and had an equitable ownership interest in the property, the matter sounded in ejectment. See Toledo v. Escamilla, 962 So. 2d 1028, 1030 (Fla. 3d DCA 2007) ("[W]hen Ms. Toledo asserted in her answer that she was not a tenant and that she had an equitable interest in the property, ejectment, not eviction, was the proper remedy . . . ."); Mesnikoff v. FQ Backyard Trading, LLC, 239 So. 3d 765, 770 (Fla. 3d DCA 2018). Section 26.012(2)(f), Florida Statutes (2019), provides that the circuit courts of this state have "exclusive original jurisdiction" over ejectment actions. See also Pro-Art Dental Lab, Inc., 986 So. 2d at 1250 ("Florida's county courts lack subject-matter jurisdiction to entertain ejectment

4

actions."). As such, the matter could only have proceeded to judgment before a circuit court. See Dupree v. Dellmar, 323 So. 3d 343, 344 (Fla. 3d DCA 2021) (holding that "county court exceeded its jurisdiction in adjudicating issues related to [defendant's] claims of an equitable interest in real property" raised in counterclaim or affirmative defense); Ward v. Est. of Ward, 1 So. 3d 238, 239 (Fla. 1st DCA 2008).

Because the county court lacked subject matter jurisdiction to adjudicate John and Nanette's claim of an equitable interest in the property, the final judgment is void. Quinones v. Quinones, 569 So. 2d 884, 885 (Fla. 3d DCA 1990) ("Without jurisdiction over the subject matter, the judgment was void."); Esposito v. Horning, 416 So. 2d 896, 898 (Fla. 4th DCA 1982) ("[J]urisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void."). We therefore vacate the final judgment and remand with instructions to transfer the action to the circuit court. See Fla. R. Civ. P. 1.060(a) ("If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county by the same method as provided in rule 1.170(j)."); Golden Cape of Fla., Inc. v. Ospina, 324 So. 3d 558, 560 (Fla. 3d DCA 2021) (reversing county court's dismissal with prejudice of ejectment suit and remanding with instructions to transfer cause to circuit court where

5

jurisdiction lies); Mendez v. Ortega, 134 So. 2d 247, 248 (Fla. 3d DCA 1961) ("Courts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order.").

While their first motion to vacate was pending in the county court, John and Nanette filed a petition for writ of prohibition in the circuit court challenging the county court's jurisdiction to proceed in the case. By petition for writ of mandamus in case number 3D21-2335, they seek an order compelling the circuit court to transfer to this court their petition for writ of prohibition under the changes to the circuit court's jurisdiction that took effect on January 1, 2021. See Ch. 20-61, § 3, Laws of Fla. Given our holding that the county court lacked jurisdiction to adjudicate the trustee's action and instructions on remand to transfer the cause to the circuit court, we deny the petition for writ of mandamus as moot.[3]

---

[3] In doing so, we note that the respondent correctly does not dispute that in light of this legislative enactment, a circuit court lacks extraordinary writ jurisdiction in a case where it does not have direct appellate jurisdiction. See Dodd Chiropractic Clinic, P.A. v. USAA Cas. Ins. Co., 313 So. 3d 178 (Fla. 1st DCA 2021) ("As of January 1, 2021, section 26.012, Florida Statutes, was amended to remove a circuit court's jurisdiction to hear most appeals from the county courts. As such, the circuit courts also lost jurisdiction to issue extraordinary writs in those same cases." (citation omitted) (citing Dep't of Health, Bd. of Dentistry v. Barr, 882 So. 2d 501, 501 (Fla. 1st DCA 2004)

Vacated and remanded with instructions; petition for writ of mandamus denied as moot.

---

("The circuit court does not have jurisdiction to issue an extraordinary writ if it does not have direct appellate jurisdiction over the subject matter.")).