IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


ALLISON BABCOCK,

      Appellant,

 v.                                Case No.  5D21-2570
                                     LT Case No. 2021-CC-910

GOLDEN ACRES SOUTH, LLC,

      Appellee.

_____/

Opinion filed May 19, 2023

Appeal  from  the  County Court
for Marion County,
Robert Landt, Judge.

Allison Babcock, Morriston, pro se.

Thomas L. Hunker and Sarah Hafeez,
of Hunker Appeals, Fort Lauderdale,
for Appellee.


WALLIS, J.

Allison  Babcock  ("Appellant")  appeals  the  Final  Judgment  for

Possession entered in favor of Golden Acres South, LLC ("Golden Acres").

She argues that the county court erred by denying her motion to dismiss because the trial court lacked subject matter jurisdiction over this action. We agree and reverse.

In July 2021, Golden Acres filed its Amended Complaint for Unlawful Detainer in the county court for Marion County, seeking to recover real property from Appellant. Appellant moved to dismiss the Amended Complaint, alleging that the county court lacked subject matter jurisdiction over this action. She claimed that she had both an equitable and a constructive interest in the property because she had made a $65,000 deposit to purchase the property and she had made improvements to the property. In response to the Motion to Dismiss, Golden Acres denied that Appellant had any equitable interest in the property. The trial court ultimately denied the Motion to Dismiss without explanation.

Following that ruling, Appellant filed a Corrected Answer to the Amended Complaint repeating her allegation that she had an equitable interest in the property and that the circuit court had exclusive jurisdiction over this matter. Thereafter, Golden Acres filed a Motion for Final Judgment, requesting that the trial court enter a Final Judgment in its favor and issue a writ of possession. Following the hearing on Golden Acres's Motion for Final Judgment, the trial court found that Appellant did not have an equitable

interest in the property. The trial court subsequently entered a Final Judgment in favor of Golden Acres and issued a writ of possession.

Circuit courts have exclusive jurisdiction to hear ejectment actions, which provide a statutory cause of action to a party with a superior right to possession of property. § 26.012(2)(f), Fla. Stat. (2021); see also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So. 2d 1244, 1251 (Fla. 2008) (explaining that ejectment actions are subject to the exclusive original jurisdiction of Florida's circuit courts). When a party claims an equitable interest in property, the matter sounds in ejectment, not unlawful detainer or eviction. See Thompson v. Thompson, 342 So. 3d 818, 820 (Fla. 3d DCA 2022) (explaining that, even though suit was filed as an unlawful detainer action, when defendants answered that one of them had an equitable ownership interest in the property, the matter sounded in ejectment); Ward v. Est. of Ward, 1 So. 3d 238, 239 (Fla. 1st DCA 2008) ("In their answer to the complaint for eviction filed in the county court in this case, petitioners asserted a claim to an equitable interest in the property they inhabited, which should have been resolved by the circuit court [as an ejectment action]."); Toledo v. Escamilla, 962 So. 2d 1028, 1030 (Fla. 3d DCA 2007) ("We also find that when Ms. Toledo asserted in her answer that she was not a tenant and that she had an equitable interest in the property, ejectment, not eviction,

3

was the proper remedy, and the matter should have been transferred to the circuit court.").

When Appellant asserted an equitable interest in the property, ejectment became the proper cause of action because the trial court had to consider her equitable claims. Therefore, the trial court erred in ruling on this matter because it lacked subject matter jurisdiction to do so. See Thompson, 342 So. 3d at 820; Ward, 1 So. 3d at 239; Toledo, 962 So. 2d at 1030; see also Dupree v. Dellmar, 323 So. 3d 342, 343–44 (Fla. 3d DCA 2021) (granting petition for writ of prohibition where appellant correctly argued that county court exceeded its authority in adjudicating issues pertaining to his equitable interest in real property when his claim of an equitable interest in the property triggered the circuit court's exclusive jurisdiction). Accordingly, we reverse the Final Judgment and remand with instructions for the county court to transfer this case to the circuit court.

REVERSED AND REMANDED WITH INSTRUCTIONS.

EISNAUGLE and HARRIS, JJ., concur.

4