# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-1694
Lower Tribunal No. 2022-CC-016873-O

_____

YOLANI CASTILLO,

Appellant,

v.

RADAMES ANTONIO CAMACHO ALDAHONDO,

Appellee.

_____

Appeal from the County Court for Orange County.
Andrew L. Cameron, Judge.

June 27, 2025

GANNAM, J.

Yolani Castillo and Radames Antonio Camacho Aldahondo shared a home that Camacho[1] owned. Castillo obtained a temporary domestic violence injunction against Camacho in the circuit court, which awarded Castillo temporary, exclusive possession of the home. Camacho stipulated to an extension of the temporary injunction pending a full hearing on Castillo's injunction petition. In the meantime, however, Camacho filed a county court eviction action to obtain possession of the

_____

[1] Both parties refer to Appellee as Mr. Camacho.

home. Castillo appeals the county court's final judgment granting Camacho possession while the circuit court injunction was in effect, following the county court's conclusion that it had exclusive jurisdiction over eviction matters. Because the county court did not have jurisdiction to award possession to Camacho contrary to the circuit court's domestic violence injunction, we reverse.

When Camacho filed his eviction action, Castillo was in possession of the home under both a verbal month-to-month rental agreement, which Camacho claims he terminated, and the temporary domestic violence injunction entered by the circuit court. As pleaded by Camacho in the eviction action, section 83.59, Florida Statutes (2022), authorizes the county court to grant possession of a dwelling to a landlord when the tenant does not vacate the dwelling upon termination of the rental agreement. As pleaded by Castillo in defense, however, section 741.30 authorizes the circuit court to award a petitioner who is a victim or in danger of domestic violence at the hands of a respondent exclusive use and possession of a dwelling they share. § 741.30(5)(a)2., Fla. Stat. (2022). Section 83.59 contains no exception for a tenant who obtains a domestic violence injunction against the landlord, and section 741.30 contains no exception for a respondent and petitioner who are landlord and tenant. In the absence of a textual tiebreaker, who decides?

The county court was correct in deciding that it had "exclusive jurisdiction over eviction matters," but only partially. The county court's "exclusive jurisdiction

of proceedings relating to the right of possession of real property" under section 34.011(2), Florida Statutes (2022), is subject to several exceptions where the right of possession relates to an amount in controversy or specific subject matter within the jurisdiction of the circuit court under section 26.012.[2] And the Legislature created another exception to county courts' "exclusive" jurisdiction over possession proceedings by vesting only circuit courts with jurisdiction to issue domestic violence injunctions, including injunctions awarding a petitioner exclusive possession of a dwelling shared with a respondent. *See* § 741.30(1)(a), Fla. Stat. ("Any . . . victim of domestic violence . . . or [person] in imminent danger of becoming the victim of any act of domestic violence, has standing in the circuit court to file a verified petition for an injunction for protection against domestic violence."); § 741.30(5)(a)2. ("[T]he court may grant a temporary injunction ex parte, pending a full hearing . . . [a]warding to the petitioner the temporary exclusive use and possession of the dwelling that the parties share . . . ."); § 741.30(6)(a)2. ("Upon notice and hearing . . . the court may grant such relief as

---

[2] *See* § 34.011(2) ("[T]he circuit court also has jurisdiction if the amount in controversy exceeds the jurisdictional limits of the county court or the circuit court otherwise has jurisdiction as provided in s. 26.012."); *see also, e.g.*, § 26.012(2)(f), (g), Fla. Stat. (2022) (vesting circuit courts with "exclusive original jurisdiction" in "actions of ejectment" and in "all actions involving the title . . . of real property."); *Toledo v. Escamilla*, 962 So. 2d 1028, 1030 (Fla. 3d DCA 2007) ("[W]hen Ms. Toledo asserted in her answer that she was not a tenant and that she had an equitable interest in the property, ejectment, not eviction, was the proper remedy, and the matter should have been transferred to the circuit court.").

3

the court deems proper, including an injunction . . . [a]warding to the petitioner the temporary exclusive use and possession of the dwelling that the parties share . . . .").[3] And the circuit court, alone, has jurisdiction to enforce, modify, or dissolve domestic violence injunctions. *See* § 741.30(9)(a) ("The court may enforce a violation of an injunction for protection against domestic violence through a civil or criminal contempt proceeding . . . ."); § 741.30(10) ("The petitioner or the respondent may move the court to modify or dissolve an injunction at any time.").

Thus, the county court had jurisdiction to adjudicate Camacho's and Castillo's respective rights of possession of the home under section 83.59 only to the extent such rights derived from a rental agreement and its termination. The court did not have jurisdiction to adjudicate their respective rights of possession to the extent those rights derived from a domestic violence injunction under section 741.30, the issuance, enforcement, modification, and dissolution of which are within the circuit court's exclusive jurisdiction. Camacho was entitled to a full hearing in the circuit

---

[3] The Legislature has constitutional authority to create statutory causes of action for injunction and to vest jurisdiction over such actions in the circuit court. *See Cowan v. Skinner*, 42 So. 730, 732 (Fla. 1907) ("It is competent for the Legislature to give a new right to an injunction . . . ."); Art. V, § 5(b), Fla. Const. ("The circuit courts shall have original jurisdiction not vested in the county courts . . . ."); Art. V, § 6(b), Fla. Const. ("The county courts shall exercise the jurisdiction prescribed by general law."); *Alexdex Corp. v. Nachon Enters., Inc.*, 641 So. 2d 858, 861 (Fla. 1994) ("Absent a constitutional prohibition or restriction, the legislature is free to vest courts with exclusive, concurrent, original, appellate, or final jurisdiction.").

court on Castillo's injunction petition, where he could have challenged Castillo's possessory rights under the temporary injunction. *See* § 741.30(5)(c), Fla. Stat. Instead, Camacho agreed to continue the circuit court hearing, which extended the temporary injunction, *see id.*, and sought to obtain possession by county court eviction. But the county court did not have jurisdiction to modify Castillo's possessory rights awarded in the circuit court injunction. Thus, it was error for the county court to dispossess Castillo of the home while the injunction was still in effect.

We reverse the final judgment for possession and remand for further proceedings consistent with this opinion.[4]

REVERSED and REMANDED with instructions.

WOZNIAK and BROWNLEE, JJ., concur.

Adam H. Sudbury, of Apellie Legal, Orlando, for Appellant.

Radames Antonio Camacho Aldahondo, Orlando, pro se.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[4] Camacho pleaded only an action for possession in his complaint. We do not decide what remedy besides possession the county court could have granted under chapter 83, if pleaded, while the section 741.30 domestic violence injunction was in effect.