DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

AUSTIN GARRETT VOSS,

Appellant,

v.

ELIZABETH C. VOSS,

Appellee.

No. 2D2024-2781

_____

December 3, 2025

Appeal from the County Court for Pinellas County; Edwin B. Jagger,
Judge.

Corey Szalai of Corey Szalai Law, PLLC, Seminole, for Appellant.

Daniel J. Kortenhaus, St. Petersburg, for Appellee.

MORRIS, Judge.

Austin Garrett Voss appeals from a final order of possession
entered in favor of his mother, Elizabeth C. Voss, in her unlawful
detainer action. Because we conclude that the matter sounded in
ejectment and because county courts lack subject matter jurisdiction
over such actions, we reverse.

We review the issue of subject matter jurisdiction de novo. *Artz ex
rel. Artz v. City of Tampa*, 102 So. 3d 747, 749 (Fla. 2d DCA 2012).

Section 34.011(2), Florida Statutes (2023), provides in relevant part that county courts "have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements" as long as the amount in controversy does not exceed the county court's jurisdictional limits. And in unlawful detainer actions, the county court may only determine "the right of possession and any damages." § 82.04, Fla. Stat. (2023).[1]

Section 66.021(2), Florida Statutes (2023), provides that "[c]ircuit courts have exclusive jurisdiction in an action of ejectment." *See also* § 26.012(2)(f), Fla. Stat. (2023). *See generally Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1251 (Fla. 2008) (recognizing distinction between the jurisdiction of county and circuit courts as it pertains to unlawful detainer and ejectment actions).

Here, Elizabeth filed an unlawful detainer action, alleging that she has a superior right of possession, that Austin initially entered into an occupancy of the house with Elizabeth's consent but that the consent had since been withdrawn, and that there was no agreement for payment of rent. Elizabeth also alleged that she did not consent to Austin's continued occupancy and demanded that he vacate the property but that Austin refused to do so. Elizabeth alleged that she suffered damages as a result.

In his answer and affirmative defenses, Austin alleged that Elizabeth was acting in bad faith and had unclean hands because there was an agreement that while Elizabeth would put the mortgage in her

---

[1] A county court may not make any determinations related to the title of real property in an unlawful detainer action "[u]nless it is necessary to determine the right of possession or the record titleholder." § 82.04.

2

name, Austin would make the down payment as well as all mortgage payments with the understanding that he would be the successor in interest. Austin alleged that he made the down payment and has continued to make all mortgage payments pursuant to the agreement. Austin also argued that Elizabeth was estopped from bringing the unlawful detainer action due to the agreement between the parties. Austin alleged that the mortgage company agreed to transfer the mortgage into his name as successor in interest once there was a deed transferring the property to him, but he contended that Elizabeth elected not to go forward because she wanted to sell the property even though he had made all the payments.

The county court entered its final judgment of possession, concluding that Austin's answer "does not allege the existence of a freehold (ownership) interest" or "the existence of a non-freeholder (leasehold) interest" and that he "raised no defense that precludes the issuance of a judgment for possession in favor of [Elizabeth]." Austin then filed an emergency motion to stay the entry of the final judgment and motion to dismiss, wherein he argued that the county court lacked subject matter jurisdiction because he had asserted an equitable interest in the property and thus the action was really an ejectment action that could only be heard in the circuit court. Austin also filed an emergency motion to stay the execution of the final judgment and for new trial; within that motion, he again asserted that the county court lacked subject matter jurisdiction. Austin attached affidavits of payments made in support of his motions. After a hearing, the county court denied the motions.

Where a party asserts an equitable interest in the property in question, the matter should be treated as one in ejectment. *Estevill v.*

3

*Estevill*, 399 So. 3d 1167, 1170 (Fla. 3d DCA 2024) (relying on *Thompson v. Thompson*, 342 So. 3d 818, 820 (Fla. 3d DCA 2022)); *see also Babcock v. Golden Acres S., LLC*, 361 So. 3d 406, 408 (Fla. 5th DCA 2023); *Thompson*, 342 So. 3d at 820; *Dupree v. Dellmar*, 323 So. 3d 342, 344 (Fla. 3d DCA 2021); *Ward v. Est. of Ward*, 1 So. 3d 238, 239 (Fla. 1st DCA 2008); *Toledo v. Escamilla*, 962 So. 2d 1028, 1030 (Fla. 3d DCA 2007). Austin's allegations that he made the down payment and that he paid all mortgage payments were sufficient to assert a claim that he had an equitable interest in the property. This is so even where Austin did not use the term "equitable interest" in his answer and affirmative defenses because "the sum and substance of [his] allegations [were] sufficiently clear" and requiring the use "of magic words or talismanic language would promote form over substance." *Estevill*, 399 So. 3d at 1171.[2]

We find no merit to Elizabeth's argument that the unlawful detainer action was appropriate due to statutory amendments addressing the ability of a county court to determine the issue of title where it was necessary to determine the right of possession or the record titleholder and recognizing that an ejectment action is cumulative to other existing remedies and may not be construed to limit other available remedies. Because Austin sufficiently alleged an equitable interest in the property at issue, the action sounded in ejectment. The matter was therefore required to be brought in the circuit court—the only court that had subject matter jurisdiction. The county court erred by denying Austin's

---

[2] In *Estevill*, the appellant's assertion that she paid mortgage, tax, and insurance payments, along with payment of association dues and utilities, was found to be sufficient to allege an equitable interest. 399 So. 3d at 1169, 1171.

motion to dismiss for lack of subject matter jurisdiction and by ruling on the merits of the action, which rendered the final judgment void. *See Estevill*, 399 So. 3d at 1170; *Babcock*, 361 So. 3d at 408; *Thompson*, 342 So. 3d at 821. Accordingly, we reverse and remand the final judgment with instructions to the county court to transfer the case to the circuit court for further proceedings.[3]

Reversed and remanded with instructions.

SILBERMAN and LaROSE, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.

---

[3] We express no opinion on the underlying merits of the action.